**KNAPE v. JOHANSON et al.**

No. 4222.

Court of Civil Appeals of Texas. El Paso.

June 18, 1942.

Wilbur T. Knape, of Dallas, for appellant.

Sam McCollum and W. J. Gerron, both of Brady, for appellees.

PRICE, Chief Justice.

This is an appeal by H. T. Knape from the judgment of the District Court of McCulloch County overruling a plea of privilege in a suit wherein said Knape was defendant and plaintiffs were Anna Maria Johanson and eight others.

Plaintiffs' petition, alleged, in substance, that they were the children of A. J. Johnson, deceased; that said Johnson died testate on the 27th day of July, 1930; his will duly probated, gave an undivided one-eleventh interest in his property to each of plaintiffs, and an undivided one-eleventh interest each to two children of his wife, Hilda Johnson; these two children by a former marriage of Hilda Johnson; that these gifts were subject to a life estate in Hilda Johnson; that defendant Knape was named independent executor of such will and duly qualified as such; that defendant was given power in the will to sell the land on the death of Hilda Johnson in order to partition same, if five of plaintiffs joined in the deed or consented thereto; that part of the estate consisted of two tracts of land: (1) All of Franz Nelbich Survey No. 651, containing 300 acres, more or less; (2) all of the Franz Nelbich Survey No. 650, containing 320 acres, more or less; that this was the separate property of deceased Johnson; that plaintiffs joined with defendant, Hilda Johnson and her two children in a deed to said survey No. 650 to' one Richards, the consideration of such deed was $9,341.75, the date thereof December 7, 1937; that the consideration of the deed was paid to the defendant and retained by him; that Hilda Johnson died on the 21st day of August, 1940, testate; that her will was duly probated in McCulloch County; defendant was named independent executor in such will, and thereafter qualified as such; that the deceased devised her estate to plaintiffs herein and to her aforementioned two children, each being given an undivided one-eleventh interest; that all debts of the estate of A. J.

320

320

Johnson deceased had been paid, and all debts of the estate of Hilda Johnson, deceased, have been paid; that Survey 651 aforesaid has never been sold; that the defendant has in all things refused to deliver the possession of said lands and premises to plaintiffs herein, and that he still holds the possession of said lands and premises; that the withholding of the possession of said lands is wrongful. Conversion of some $8,841.75 was charged; attempts to sell the land in violation of the will of deceased A. J. Johnson were charged. Judgment was sought in the sum of $8,232.16, and for the title and possession of the land. An accounting was prayed for. As to the land unsold of the estate of A. J. Johnson, plaintiffs allege that they jointly own nine-elevenths thereof.

In due time defendant filed his plea of privilege setting up his residence as Travis County. This plea is in stereotyped form.

Plaintiffs in due time filed controverting affidavit setting up substantially the same facts as alleged in their petition.

On October 22, 1941, defendant filed what is denominated as his "Supplemental Plea of Privilege." The first part of this plea is to all intents and purposes a reiteration of his original plea of privilege. Then follow a general exception and special exceptions to plaintiffs' controverting affidavit.

On the 23rd day of October, 1941, plaintiffs filed what is denominated as "Controverting Affidavit to Amended Plea." In this they adopt all of the allegations contained in their first amended original petition, and ask that all of such allegations be made a part of the pleadings; they allege that all of such allegations are true. It is further set up that the suit is brought by plaintiffs to recover title and possession and remove a cloud from the title of the following described lands and premises in McCulloch County. Then follows a description of the Franz Nelbich Survey No. 651.

■ The plea of privilege of the defendant was overruled by the court on the 23rd day of October, 1941.

Nowhere in either of the controverting affidavits do plaintiffs set up the language of any of the subdivisions of art. 1995, R.C.S.1925, Vernon's Ann.Civ.St. art. 1995; nowhere is the language of any such subdivisions set forth.

In our opinion this is not an absolute requirement of a controverting affidavit, if the statements of fact therein contained show that any of the excepting provisions of said art. 1995 apply. Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856; Walter v. Hammonds, Tex.Civ.App., 42 S.W.2d 1084.

Subdivision 14 of art. 1995 is as follows: "Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ The venue facts involved, then, are as to the character of the suit and the situation of the land. Sullivan v. Lucas, Tex.Civ.App., 93 S.W.2d 613.

The allegations of the petition may be conclusive on this matter—say, for instance, the suit is in trespass to try title. Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Thomson v. Locke, 66 Tex. 383, 1 S.W. 112; Dees v. McDonald, Tex. Civ.App., 36 S.W.2d 301; Oakland Motor Car Co. v. Jones, Tex.Civ.App., 29 S.W.2d 861.

However, in some cases this may not be absolutely determinative. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223.

■ Plaintiffs' petition shows they seek recovery of the possession of the land devised to them by their father's will. It discloses a right thereto, the previous life estate therein having terminated. This suit was filed in the county where the land involved was situated. In our opinion the proof was ample to sustain venue under subdivision 14.

There are some twelve points relied upon by the defendant. We have carefully considered each of these. Four of them relate to the rulings on demurrers interposed out of order, and that the attention of the trial court was called to same does not appear from the judgment. Some relate to the exclusion and rejection of evidence. None seem to present grounds of error.

■ We do not think sec. 6 of art. 1995 applies in any way to this case, and are sure that the trial court did not base the ruling thereon.

The eleventh point, in substance, that plaintiffs failed to allege and introduce

proof showing their right to trial in a county other than the residence of the defendant, we think we have heretofore disposed of. The statement under this point fails to show wherein plaintiffs' proof was lacking that the suit comes under the exception contained in subdivision 14 of the venue statute.

We do not mean to hold that all of the co-mingled counts in the plaintiffs' petition would come under such excepting subdivision, but all, wherein a cause of action is stated, might be properly joined. If the allegations of plaintiffs' petition are true, they are entitled to the possession of the land in controversy, which defendant withholds from them. That this land was situated in McCulloch County is undisputed under the evidence.

No error appears. The case is affirmed.

WALTHALL, J., not participating.