## SMITH v. R-F FINANCE CORPORATION.

### No. 14990.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 3, 1948.

Rehearing Denied Jan. 14, 1949.

Scarborough, Yates, Scarborough & Black and J. R. Black, Jr., all of Abilene, for appellant.

Elmer H. Parish, of Wichita Falls, for appellee.

HALL, Justice.

Appellee, R-F Finance Corporation, of Wichita County, Texas, sued appellant, Floyd Smith, in a district court of Wichita County, Texas, on several installment notes, together with chattel mortgages on automobiles, for a total sum of $10,341, and alleging further that said debt and mortgages securing same are just, due and unsatisfied.

Appellant, Floyd Smith, filed his plea of privilege alleging his residence to be in Taylor County, Texas.

This is an appeal from an order of the court overruling appellant's plea of privilege, based upon two points; first, "the plaintiff did not sufficiently plead a crime," and second, "the plaintiff failed to prove a crime within the meaning of subdivision 9."

■ Appellant contends that appellee's original petition does not allege facts sufficient to show that appellant committed any crime in Wichita County, Texas, since its suit is based upon the notes and mortgages and not upon the worthless check mentioned in its petition, and that appellee cannot in its controverting affidavit set up a new cause of action which was not plead in its petition. To this we agree.

Appellee in its controverting affidavit pleads for recovery on the different notes and mortgages which appellant owes to it, further making the allegations set out in its petition a part of said controverting affidavit by adoption. Said petition recites that appellant executed to it a worthless check in the sum of $3,252.00 but does not seek recovery on said check.

■ In paragraph 2 of appellee's controverting affidavit it pleads specifically that since the notes are made payable at the office of the R-F Finance Corporation in Wichita County, Texas, that venue will lie in said county under section 9 of Article 1995; in the third paragraph it is stated that since appellant gave appellee a worthless check in the sum of $3,252 as a payment for a release of certain chattel mortgages, venue should lie under section 9 of Article 1995. Since appellee did not sue

upon such worthless check, we think that appellant's position is well taken in his points one and two.

■ However, we have examined the statement of facts as well as the transcript and find the record discloses that appellee both plead and proved a cause of action against appellant sufficient to maintain venue in Wichita County under exception 5 to Article 1995, even though it does not specifically state in its controverting affidavit that it relies upon exception 5. We find the law to be that when a plaintiff has plead and proved facts sufficient to come within the purview of one of the exceptions to Article 1995 without stating the specific exception which such facts come under, the same entitles the litigant to maintain venue under such pleading and evidence. As stated by this court in American Seed Co. v. Wilson, Tex.Civ.App., 140 S.W.2d 269, 271, "It was held in Highway Motor Freight Lines v. Slaughter, supra, that a plaintiff having pleaded facts relied upon, even though classified by him as coming under the wrong exception, would entitle him to have the issue determined upon the one so pleaded and not confined to the numbered exception named by him." See also Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Gugenheim v. Anheuser-Busch, Inc., Tex.Civ.App., 198 S.W.2d 950.

Exception 5 to Article 1995 is thus: "5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In looking to the written instruments alone to determine whether or not payment was to be made in a definite county, we note the following recital expressed in one of them which was alleged and proved to have been executed by appellant: "Know all men by these presents, that Floyd Smith of the City of Abilene, County of Taylor, State of Texas (hereinafter termed mortgagor) hereby mortgages to R-F Finance Company (hereinafter termed mortgagee) the motor vehicle described below for the payment of and mortgagor agrees to pay mortgagee on June 25, 1948 the sum of Six Hundred Twenty-four and 00/100 Dollars ($624.00), payable at the offices of R-F Finance Company in Wichita Falls, Wichita County, Texas, together with interest thereon from date thereof at the rate of ―――― per cent per annum. * * *"

■ We find such a stipulation in the contract establishes a sufficient valid obligation for appellant to perform in Wichita County, where payments on said notes are to be made, under exception 5 to Article 1995. Petroleum Producers Co. v. Steffens, Tex.Com.App., 162 S.W.2d 698; Christian v. Universal Credit Co., Tex.Civ.App., 63 S.W.2d 229, writ dismissed; Mercer v. Knox, Tex.Civ.App., 193 S.W.2d 885; Yates v. Grayburg Oil Co., Tex.Civ.App., 38 S.W.2d 414; Strange v. General Motors Acceptance Corp., Tex.Civ.App., 2 S.W.2d 255; Film Advertising Corp. v. Camp, Tex. Civ.App., 137 S.W.2d 1068; Port Iron and Supply Co. v. Casualty Underwriters, Tex. Civ.App., 118 S.W.2d 627.

The judgment of the trial court is affirmed.