L. T. HALBERT et al., Appellants,

v.

William Sory SYLESTINE, Appellee.

No. 6056.

Court of Civil Appeals of Texas. Beaumont.

May 31, 1956.

Blades, Kennerly & Whitworth, Houston, for appellants.

Robert Willis, Ross Hightower, Livingston, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment overruling a plea of privilege.

Appellee, William Sory Sylestine, sued appellants, L. T. Halbert, Jr., E. P. Halbert, individually "and D/B/A Halberts Feed Store", and Davet Green, in the district court of Polk County, for damages arising out of a truck-automobile collision in Polk County. Appellants filed separate pleas of privilege to be sued in the county of their residence, Sabine County. The appellee controverted such pleas of privilege, and the wording of the controverting affidavit is the basis of this appeal. He denied that no exception to exclusive venue in the county of one's residence provided by law existed in the case; he incorporated in full his original petition in the case and alleged that the allegations of such petition were true and correct. He then alleged that such true allegations show and aver, and stated that "it is a fact that the defendant, Davet Green, then and there the agent and employee of L. T. Halbert, Jr., and E. P. Halbert, Individually and D/B/A Halberts Feed Store, while in the course and scope of his employment with L. T. Halbert, Jr., and E. P. Halbert, Individually and D/B/A Halberts Feed Store, committed within the meaning of Exception No. 9 to Article 1995 of Vernon's Annotated Civil Statutes, a trespass in Polk County, Texas, upon plaintiff's person then and there situated in Polk County, Texas."

The appellants seized upon appellee's pleading Section 9 instead of Section 9a of Article 1995, V.A.T.S. (the venue statute), and moved the court for judgment on the pleadings, before the introduction of any evidence. They also moved for judgment at the close of the taking of testimony. They contended there, as they do here, that there was nothing pleaded nor proved to show a "trespass in Polk County,

within the meaning of Section 9 of Article 1995."

The trial court heard the evidence, and overruled the pleas of privilege.

At the request of appellants, the court filed findings of fact and conclusions of law. In his conclusion of law, the court concluded that appellant Green, as an agent of the other appellants, committed a trespass against appellee in Polk County, "within the meaning of Section 9, Article 1995," etc.

Appellants duly perfected their appeal to this court for review of the judgment. They say that the trial court was in error in overruling their pleas of privilege. In their careful brief, they give a history of said Section 9, of Article 1995, the venue statute, with its amendments and the construction placed on it in its varied provisions. They point out that now, under the wording of Section 9 and Section 9a, Section 9 does not apply to appellee's case. Those sections of the venue statute now read as follows, as amended in 1953:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile. This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive. As amended Acts 1953, 53rd Leg. p. 390, ch. 107, § 1.

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to etablish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries. Added Acts 1953, 53rd Leg., p. 390, ch. 107, § 2."

They contend that appellee has not shown that his case against them comes within said Section 9, and we agree. It does not. They also contend, however, that the court therefore erred in overruling their pleas of privilege. We disagree. Appellants' contention has been made before, and the law appears to be settled to the contrary.

McDonald, Texas Civil Practice, Vol. I, p. 450, states the rule as follows:

"For clarity, the controverting plea should indicate the particular statutory exceptions upon which the plaintiff relies; but this is not essential and if the plea states venue facts which will sustain venue under any exception, it is sufficient even though it omits such a reference or urges an exception which is inapplicable, or, though applicable, is not established."

Cases cited in the text which support this view of the law are American Casualty & Life Co. v. Robinson, Tex.Civ.App., 220 S.W.2d 204; Smith v. R-F Finance Corp. Tex.Civ.App., 216 S.W.2d 678; Stripling v. Hoing, Tex.Civ.App., 203 S.W.2d 1016; Willingham v. Humble Oil & Refining Co., Tex.Civ.App., 202 S.W.2d 955; Gugenheim v. Anheuser-Busch, Tex.Civ.App., 198 S.W.2d 950; Knape v. Johanson, Tex.Civ. App., 170 S.W.2d 319; Edmondson v. Underwriters Life Ins. Co., Tex.Civ.App.; 153 S.W.2d 236; Morris Plan Bank of

Fort Worth v. Ogden, Tex.Civ.App., 144 S.W.2d 998; Longhorn Trucks v. Bailes, Tex.Civ.App., 225 S.W.2d 642; Simmons v. Germany, Tex.Civ.App., 231 S.W.2d 774.

■ The petition of appellee alleged, and he proved on the hearing, sufficient facts to support the court's finding that appellant Green, as agent of the other appellants, negligently drove their truck into the car in which appellee was riding, and proximately caused him severe bodily injury in Polk County. This was sufficient to retain venue in Polk County under Section 9a, of said venue statute, and it was therefore not error for the court to overrule the appellants' pleas of privilege, even though appellee named Section 9, or 5 or any other section, by mistake in his controverting affidavit. The allegations and proof of facts sufficient to show venue in the county of suit under any section of the statute was all that was required of appellee in order to retain venue in the county where suit was filed. Appellants' Points 1, 2 and 3 are overruled.

Under their Points Nos. 4 and 5 the appellants say that there was no evidence, or the evidence was insufficient, to support the holding or finding that appellant Green committed a crime or trespass in Polk County within the meaning of said Section 9.

■ Of course, we have already held in our discussion of Points Nos. 1, 2 and 3 that it is immaterial to the disposition of this appeal that the appellee's evidence on the hearing showed facts which supported the holding of venue in the county of suit under said Section 9 or any other section of the venue statute than No. 9, the section named by the appellee in his affidavit and named by the trial court in its conclusions of law. Appellants, however, raise a contention under these points in regard to statements made by appellants L. T. Halbert, Jr., and E. P. Halbert in reply to requests for admission of facts made by the appellee. These two appellants, in answer to such request for admissions, admitted that Green was their employee and was acting in the scope of his employment when the collision occurred. They further admitted that they were the owners of the truck Green was driving. They denied that such truck was in the righthand lane at the time of the collision and also denied that appellee Sylvestine's automobile was traveling at a moderate rate of speed. They also denied that Green was traveling at a rate of speed in excess of 45 miles per hour. Appellee introduced in toto all of the replies of the appellants to the request of admission. They say now that appellee was bound by their denial of the facts which are listed above. They maintain this contention even though the appellee and several other witnesses testified at length in regard to the manner in which the collision occurred, which evidence is sufficient to support the trial court's findings of negligence and proximate cause in favor of the appellee. We do not believe that either the letter or the spirit of Rule 169, Texas Rules of Civil Procedure, would permit such a construction of such Rule 169 as appellants contend for. The answers to the request for admission of facts are not in any sense a deposition and are not governed by the same rules of procedure as those observed by the courts in regard to depositions. A party who has requested admissions may introduce in evidence admissions of the adverse party without being bound by such party's denial of other facts or refusal to admit other facts about which requests for admissions are made. He is not bound by such denials or refusals to admit. The purpose of the rule is to eliminate the necessity for making proof on the trial of a case of facts which are not in controversy. When the answering party denies or refuses to make an admission of fact, such refusal is nothing more than a refusal to admit a fact. It is not evidence of any fact except the fact of such refusal. See: Notes under Rule 169, Vernon's Annotated Texas Rules of Civil Procedure. That

part of defendant's answer purporting to volunteer an explanation of some matter about which a request for admissions has been made was unresponsive to the request and was not binding on a plaintiff. See: Mosby v. Texas & P. Railway Co., Tex. Civ.App., 191 S.W.2d 55.

We think that the admissions of fact which were made by the two appellants named, together with the other evidence introduced by the appellee, were sufficient to support the findings of fact made by the trial court in favor of the appellee. Appellee was not bound by the denials made by such appellants and Points 4 and 5 are overruled.

We believe that the trial court correctly overruled appellants' pleas of privilege, and the judgment of the trial court is affirmed.