**C. T. PIERCE, Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

No. 4047.

Court of Civil Appeals of Texas.

Eastland.

March 25, 1966.

Rehearing Denied April 15, 1966.

McMahon, Smart, Sprain, Wilson & Camp, Hugh F. Rives, Jr., Abilene, for appellant.

Upton, Upton, Griffis, Shannon & Porter, John Hofmann, San Angelo, for appellee.

GRISSOM, Chief Justice.

C. T. Pierce sued Ford Motor Company in Taylor County. Pierce alleged that he bought an automobile from some Ford dealer who gave him a standard retail purchaser's warranty against defect in material and workmanship for a certain time; that, during that time, while he was operating said automobile in an ordinary manner, it burst into flames, causing the damages for which he sued. Pierce alleged that Ford Motor Company was liable to him for said damages under its contractual warranty. Ford Motor Company filed a plea of privilege to be sued in Dallas County, its legal residence in Texas. Plaintiff filed a controverting affidavit in which he alleged that Ford Motor Company had

breached its warranty and that his damages were caused by defects in material and workmanship within its warranty. More specifically, Pierce contends that he has a right to maintain his suit against Ford Motor Company in Taylor County because Ford has an agent and representative in Taylor County, to-wit, Arrow Ford Company, which has the right to exercise its judgment concerning the affairs of Ford Motor Company, "including the right to incur contracts binding on said defendant", and is Ford's agent or representative in Taylor County within the meaning of exception 27, Article 1995, Vernon's Ann.Civ. St. In a trial to the court, judgment was rendered sustaining Ford Motor Company's plea of privilege and Pierce has appealed.

As stated, appellant's contention on the trial and on this appeal is simply that under exception 27, he has a right to maintain the suit in Taylor County because Arrow is an agent or representative of Ford Motor Company in Taylor County, acting with discretionary authority and with power to make decisions for Ford concerning the rights and obligations of purchasers of new Ford automobiles under their warranty. Appellant cites in support of that contention Pacific Finance Corporation v. Ramsey, Tex.Civ.App., 305 S.W.2d 297; Shamrock Oil & Gas Corporation v. Todd, Tex.Civ.App., 166 S.W.2d 766; Brazos River Transmission Electric Cooperative, Inc. v. Vilbig, Tex.Civ.App., 244 S.W.2d 266 and Southwestern Greyhound Lines, Inc. v. Day, Tex.Civ.App., 238 S.W.2d 258, 259. We think none of said decisions sustain appellant's contention. In Pacific Finance Corporation v. Ramsey, a judgment overruling defendant's plea of privilege was sustained because the evidence established that the defendant foreign corporation had an agent or representative in the county in which the suit was filed. It was there found that Pacific Finance Corporation, operated in the field of consumer loans through a branch, division or subsidiary corporation known as Pacific Finance Loans, which had an office in the county where the

suit was filed; that, on various occasions, at the request of appellant Corporation, Loans had conducted the business of Corporation in the county of suit; that, under an agreement between Corporation and Loans, Loans had discretionary authority to act for Corporation in dealing with its customers. In the present case there is no such evidence. The court, presumably, found all requisite fact issues, if any, against appellant. To obtain a reversal of the judgment appellant has the burden of showing that he conclusively established the venue facts. In Brazos River Transmission Electric Cooperative, Inc. v. Vilbig, the trial court overruled the corporation's plea of privilege to be sued where its principal office was maintained in Texas. The judgment overruling said corporation's plea of privilege was reversed because the plaintiff failed to establish that the defendant had an agency or representative in the county where the suit was brought. It held that "agency or representative" within the meaning of the venue statutes relate to commercial or business transactions having to do with corporate affairs of the principal, other than matters of manual or mechanical execution, and denote discretionary power. In Shamrock Oil & Gas Corporation v. Todd, it was held that "agency or representative" within the meaning of exception 27 referred to one subject to control of such corporation and authorized to act for it in promoting its affairs. In Southwestern Greyhound Lines, Inc. v. Day, we sustained the court's action in overruling such a defendant's plea of privilege saying that the evidence amply supported the implied finding that the defendant foreign corporation had an agent or representative in the county of the suit. Here, the situation is just the opposite. The trial court has found that the foreign corporation defendant does not have an agency or representative in Taylor County. In determining the sufficiency of the evidence to support such a ruling, we are required to disregard all adverse evidence and to give credit to all evidence favorable to the judgment.

"The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear." Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969, 972.

The plaintiff has the burden of establishing the venue facts, in this case, the existence of Ford Motor Company's agency or representative in Taylor County, by a preponderance of the evidence. Compton v. Elliott, (Tex.Com.App.), 88 S.W.2d 91; Reynolds & Huff v. White, Tex.Civ.App., 378 S.W.2d 923. Plaintiff's evidence shows that the only warranty issued was by a retail dealer to his customer; that Ford Motor Company had no connection with it and that Arrow had no authority to act for Ford Motor Company concerning warranty. In General Motors Corporation v. Ewing, Tex.Civ. App., 300 S.W.2d 714, an automobile purchaser sued the manufacturer, alleging a defective condition. The manufacturer filed a plea of privilege. In that case the warranty came from the manufacturer. Complaints directed to the manufacturer were referred to the local dealer for inspection and report. The court reversed the trial court's judgment overruling General Motor's plea of privilege saying:

"Our view of the record is that the testimony fails to show that the defendant had any dealings or transactions with the plaintiff as regards the sale of the Buick car; plaintiff made his purchase from an independent automobile dealer. It seems to us that the dealer is in no way connected with defendant other than being in a position to resell the automobiles it buys from defendant."

Gehl Bros. Manufacturing Co. v. Price's Producers, Inc., Tex.Civ.App., 319 S.W.2d 955 and Sparks v. Chrysler Corporation, Tex.Civ.App., 353 S.W.2d 477, sustain our conclusion that there was no proof that the defendant foreign corporation had an agent or representative in the county of suit and that Arrow Ford Company is not an agent or representative of the manufacturer authorized to bind it contractually. No evidence has been pointed out which would have supported a judgment overruling appellee's plea of privilege. It is appellant's burden to show that he conclusively established that Arrow is Ford Motor Company's agent or representative within the meaning of exception 27. He has not been able to do that.

The judgment is affirmed.