**LENNOX INDUSTRIES, INC., Appellant,**

**v.**

**MIDWAY NATIONAL BANK OF GRAND PRAIRIE, Texas, Appellee.**

No. 16928.

Court of Civil Appeals of Texas.

Dallas.

June 30, 1967.

Sheldon Anisman, of Simon & Simon, Fort Worth, for appellant.

William A. Barber, of Wright & Barber, Grand Prairie, for appellee.

DIXON, Chief Justice.

Lennox Industries, Inc. has appealed from an order overruling its plea of privilege whereby it seeks to have this cause of action, now pending in Dallas County, transferred to Tarrant County for trial.

Appellee Midway National Bank of Grand Prairie, Dallas County, Texas brought suit against appellant for alleged conversion of two condensing units, parts of central air conditioning systems, which units appellee alleges were attached to two residential properties in such manner as to make them parts of the realty. Appellee pleaded that it owned first lien mortgages against the real property, which lies in Dallas County.

In its petition appellee Bank alleges that the address of appellant Lennox Industries, Inc. is 4901 Marsalis Avenue in the City of Fort Worth, Tarrant County, Texas, where it has its office. Appellee also alleges that one Tommy Tingle, a resident of Dallas County, Texas, was appellant's agent in Dallas County at all times material hereto.

In its plea of privilege appellant asserts that its residence and principal place of business was and is 4901 Marsalis Avenue, Fort Worth, Tarrant County, Texas.

In a controverting plea appellee Bank does not designate the particular subdivisions of Art. 1995, Vernon's Ann.Civ.St. on which it depends to retain venue in Dallas County. However, in its brief it does name Subdivisions 23 and 27.

Appellant in three points of error contends that (1) appellee failed to establish that appellant has an agency or representative in Dallas County, Texas, within the meaning of Subdivisions 23 and 27 of Art. 1995, V.A.C.S.; (2) appellee failed to prove the application of Subdivisions 23 and 27; and (3) appellee did not plead and prove that it had a cause of action against appellant arising in Dallas County, Texas.

Subdivision 27 applies particularly to foreign corporations. There is neither pleading nor proof that appellant is a foreign corporation. Therefore Subdivision 27 of Art. 1995, V.A.C.S. is not applicable.

As to Subdivision 23 we have concluded that appellee failed to establish either that appellant had an agent in Dallas County within the meaning of Subdivision 23 or that appellee has cause of action against appellant arising in Dallas County.

The only evidence in the record is the testimony of Tommy Tingle, the alleged agent of appellant. He testified that he was the "factory representative" of appellant. However, he said that he did not have any authority to deal in behalf of or for Lennox Industries, Inc. Tingle had a right to testify as to the facts of his alleged agency, Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54 (1958), and did so in detail, but we shall not consider his opinions and conclusions as the extent and scope of his authority, which are questions of law to be determined by the court from the facts.

As to the facts Tingle testified that he owns and operates his own business known as Tingle Appliance Service and that he buys and pays for the air conditioning systems and parts from appellant at wholesale and thereafter sells, installs and services them at a profit to and for retail purchasers who are his customers, not appellant's. He himself goes to Fort Worth and picks up the conditioners in his own truck and brings them back to Dallas as he did in this instance. He maintains an account with appellant just as one does with a department store. For some years he has been in the appliance business in Grand Prairie, selling and servicing appliances. His place of business is his home. He stores his merchandise in his garage.

Tingle at the time material hereto was also in business as a contractor, building and owning houses for resale. In this case both condensers were parts of air conditioning systems which had been installed in two houses which he constructed on property he owned.

Appellant Lennox Industries, Inc. has never instructed Tingle how to conduct his business, or had any dealings with his customers. Upon sale of an air conditioning system the customer pays Tingle, not appellant. He employs his own help by "contracting employees" for specific jobs. He pays his own employees and pays his own rent. Lennox Industries, Inc. has never sent him a check in payment of anything— he pays Lennox for what he buys. His funds from the sale and servicing of air conditioners are mixed and mingled with funds derived from his appliance business and his business as a contractor and builder. It is a personal account on which he draws by checks signed by himself. He testified that with appellant's knowledge and acquiescence he paid for an advertisement in the yellow pages of the telephone directory in regard to Lennox air conditioners which were offered for sale by him. But we think it is common knowledge that many retail merchants advertise "name brand" products which may be purchased from them.

■ Tingle testified to other facts but we shall not extend this opinion with a recital of further details. In our opinion the undisputed facts show conclusively that Tingle was not such an agent as is contemplated by Subdivision 23 of Art. 1995, V. A.C.S. Pierce v. Ford Motor Co., 401 S.W.2d 355 (Tex.Civ.App., Eastland 1966, writ dism'd); Brazos River Transmission Elec. Coop. Inc. v. Vilbig, 244 S.W.2d 266 (Tex.Civ.App., Dallas 1951, no writ); Shamrock Oil & Gas Corp. v. Todd, 166 S.W.2d 766 (Tex.Civ.App., Dallas 1942, no writ). Appellant's first point of error is sustained.

■ Appellee alleged in its petition that the two condenser units were attached in such manner as to make them parts of the real estate. It further alleged that it had an interest in the real estate in that it owned recorded first lien mortgages against both real properties. No evidence was offered in support of the latter allegation. There was neither documentary nor parol testimony as to the alleged mortgages. The nearest any evidence came to supporting the allegation was a statement by Tingle that the Bank did his interim financing. He does not say whether any money that may have been advanced by the Bank was an unsecured loan, or whether it was secured by mortgage. The burden was on the Bank to prove a cause of action. Clubb Testing Service, Inc. v. Singletary, 395 S.W.2d 956 (Tex.Civ.App., San Antonio 1965, no writ); Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc., 390 S. W.2d 346 (Tex.Civ.App., Eastland 1965, writ dism'd); Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ.App., Tyler 1965, no writ); Furr's Super Market, Inc. v. Jernigan, 380 S.W.2d 193 (Tex.Civ.App., Amarillo 1964, no writ); Drexler v. Architectural and Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App., Corpus Christi 1964, no writ); Gen. Mills, Inc. v. Livingston, 333 S.W.2d 215, 218 (Tex.Civ.App., Eastland 1960, no writ); Gen. Motors Corp. v. Ewing, 300 S.W.2d 714, 718 (Tex.Civ.App., Waco 1957, no writ). Having failed to offer evidence of its alleged first lien mortgage appellee failed to show it had an interest in the real property. It did not prove it had a cause of action against appellant arising in Dallas County. Appellant's second and third points are sustained.

The judgment is reversed and the cause is remanded to the trial court with instructions to sustain appellant's plea of privilege.

Reversed and remanded.