**FORD MOTOR CO., Appellant,**

v.

**W. G. REVERT, Appellee.**

**No. 7799.**

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1968.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant; Max R. Sherman, Amarillo, of counsel.

Allen & Allen, Perryton, for appellee; Ronnie Gaines, Perryton, of counsel.

CHAPMAN, Justice.

W. G. Revert sued Ford Motor Co. in Ochiltree County. He alleged he purchased a 1965 Mercury automobile on the 3rd day of October, 1964, " * * * manufactured by Defendant, * * * from Voiles Ford Co., Perryton, Texas"; that Voiles was an agent of Ford Motor Co. in Ochiltree County; that Ford Motor Co. issued a contractual express warranty " * * * to the owner of each part of this Mercury vehicle [with certain exceptions] to be free under normal use and service from defects in material and workmanship for a period of twenty-four [24] months from the date of delivery to the original retail purchaser, or until it has been driven 24,000 miles, whichever comes first"; that the car was used in the normal and customary manner; that it was given proper maintenance and upkeep at all times; that when it had been owned almost ten months and driven less than 7,000 miles plaintiff's wife had difficulty with the ignition one morning as she started to work; that when she arrived at her place of employment she had difficulty with her key in cutting the ignition switch off; that finally she was able to cut the switch to "Off" position, but the car started smoking under the dash panel and caught fire; that after she got out of the car with the switch turned to "Off" position that the motor started running again and continued to do

so until the battery cable was cut after the fire was extinguished. Revert then alleged Ford Motor Co. was liable to him for damages resulting from defects in materials and/or parts in the ignition switch and/or wiring or electrical system and/or defects in the workmanship.

Ford filed a plea of privilege to be sued in Dallas County, its legal residence in Texas. Plaintiff controverted, pleading Exceptions 23 and 27, Art. 1995, Vernon's Ann.Texas Civ.St., to the right of exclusive venue.

In a trial to the court judgment was rendered overruling Ford Motor Co.'s plea of privilege and it has appealed upon a point of error contending Revert failed to prove the facts necessary to sustain venue in Ochiltree County under any exception of Art. 1995, V.T.C.S.

Specifically, in his controverting plea Revert alleged he purchased the Mercury automobile from Voiles Ford Co. but did not allege in such plea that said company was the authorized representative, agent or dealer for Ford Motor Co. Likewise in his evidence appellant failed to prove the allegation in his petition to the effect that Voiles was an agent or representative of Ford Motor Co. in Ochiltree County.

"Q. On or about the 3rd day of October, 1964, did you have occasion to purchase a new car?

A. Yes, sir. It was a Mercury we bought from Voiles Motor Co.

Q. That was a new 1965 Mercury automobile?

A. Yes, sir.

Q. That was Voiles Ford who do business here in Perryton?

A. Yes, sir."

We do not believe such testimony is sufficient to prove that Voiles Motor Co. or Voiles Ford was the authorized agent, dealer or representative of Ford Motor Co. in Ochiltree County.

■ "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear." Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (Tex.1951), citing Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (Tex.1950) and cases cited therein at page 828.

■ It has long been the established rule of this state that the burden rests upon the plaintiff to allege and prove that the case comes within the exception or exceptions relied on. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (Tex.1939); Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062 (1938); Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935).

The new car warranty furnishing the basis of Revert's alleged cause of action provides the warranty " * * * shall be fulfilled by the selling dealer * * * replacing or repairing at his place of business, free of charge including related labor any such defective part." There is just not any probative evidence here showing Voiles Motor Company or Voiles Ford was such an authorized dealer as to require the seller as a selling dealer to comply with the clause just quoted. Until that fact was established there was no proof of a selling dealer in Ochiltree County to repair or replace the defective part or parts, or to repair damages to the other parts of the vehicle growing out of a defective or deteriorated part, becoming such within the period of the express warranty. We are not to be understood by this statement, however, as holding the warranty requires repair of damages to other parts proximately resulting from a defective or deteriorated part within the war-

ranty period. We do not consider it is necessary to decide that question here.

Pierce v. Ford Motor Co., 401 S.W.2d 355 (Tex.Civ.App.—Eastland, 1966, writ dism'd) was a case in which Pierce sought recovery against Ford Motor Co. for damages for breach of contractual warranty, just as in the instant case. There Pierce contended Arrow Ford Co. was the manufacturer's representative in Taylor County with discretionary authority and with power to make decisions for the manufacturer concerning the rights and obligations of purchasers of new Ford automobiles under their warranty. The court held:

"The plaintiff has the burden of establishing the venue facts, in this case, the existence of Ford Motor Company's agency or representative in Taylor County by a preponderance of the evidence. * * * Plaintiff's evidence shows that the only warranty issued was by a retail dealer to his customer; that Ford Motor Company had no connection with it and that Arrow had no authority to act for Ford Motor Company concerning warranty."

The evidence in our case does not show affirmatively that Ford Motor Co. had no connection with Voiles Motor Co., or Voiles Ford and that Voiles had no authority to act for Ford Motor Co., as in PIERCE. What is just as fatal, the evidence does not show that Voiles did have authority to act for Ford Motor Co. in Ochiltree County. The burden was on Revert to establish the venue facts by a preponderance of the evidence, in this case the existence of the manufacturer's agent or representative in Ochiltree County. Pierce v. Ford Motor Co., supra; General Motors Corporation v. Ewing, 300 S.W.2d 714 (Tex.Civ.App.—Waco, 1957, n. w. h.) and the cases above cited.

Appellee urges Jack Roach-Bissonnet, Inc. v. Puskar, 417 S.W.2d 262 (Tex.1967) as squarely in point on his contention of the failure by plaintiff to establish that a cause of action or part thereof arose in Ochiltree County. That case is much different on the facts to our case. The plaintiff there received a dealer's warranty. If we understand the express warranty here, it is a manufacturer's warranty to be fulfilled by the selling dealer. As heretofore stated, the dealership was not established by the proof required under the cases above cited. Therefore, the burden required to hold venue in Ochiltree County against Ford was not met. The Roach case also involved negligent misrepresentation and negligence in refusing to repair. On motion for rehearing the Court also discussed plaintiff's contention of a breach of an implied warranty. None of those questions are involved in our case. This is a contractual express written warranty case, which warranty itself presents delicate legal questions for the court that construes it. We find it unnecessary under this record to construe it in disposing of the venue question here involved. Accordingly, the judgment of the trial court is reversed and remanded. The clerk of the District Court will transfer the case to one of the District Courts of Dallas County.