**REY–CLIF COMPANY, Appellant,**

v.

**Charles L. SPENCE et ux., Appellees.**

**No. 15529.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 13, 1969.

Rehearing Denied Dec. 4, 1969.

Frank J. Knapp, William A. Harrison, Houston, Butler, Binion, Rice, Cook & Knapp, Houston, of counsel, for appellant.

Herbert L. Coffman, Houston, for appellees.

PEDEN, Justice.

Venue matter. Mr. and Mrs. Spence are suing for damages allegedly resulting from the negligent construction of a house trailer and for exemplary damages. Their petition, which does not allege breach of contract or warranty, states that they bought the trailer from Thompson Trailer Sales, the Houston dealer for its manufacturers, Rey-Clif Company and Mobile Scout Manufacturing Company.

Rey-Clif and Mobile Scout each filed a plea of privilege in which each alleged that Tarrant County was its county of resi-

dence. Thompson Trailer Sales did not file a plea of privilege.

In their controverting plea, the Spences alleged that Rey-Clif manufactured the trailer's undercarriage and provided it to Mobile Scout, who built the trailer; that the Spences purchased it from Mobile Scout's dealer and agency, Thompson Trailer Sales in Houston. In their petition and plea the Spences say that less than a month after they bought the trailer a negligently wired circuit caused a wheel to so overheat that it came off while the trailer was being pulled. In their controverting plea they specifically urged exceptions 4, 23 and 29a of Article 1995, Vernon's Ann. Civil Statutes, and as a cross-point on this appeal they contend that exception 9a is applicable.

After a hearing at which only the plaintiffs and defendant Mobile Scout appeared, and only the plaintiffs testified, the trial court entered an order overruling the pleas of privilege; only Rey-Clif has perfected an appeal from that order. Rey-Clif's points of error assert that there was no evidence to establish the venue facts required under either Subdivision 4, 23 or 29a.

■ The record on appeal consists of a transcript and a statement of facts. No findings of fact or conclusions of law appear to have been requested or filed. In determining whether there is any evidence to support the trial court's order and the implied findings of fact incident to it, we must consider only that evidence most favorable to the appellees. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950).

Mr. and Mrs. Spence testified that for many years they have resided in Houston. They purchased a Mobile Scout Trailer from Mr. and Mrs. Thompson at Thompson Trailer Sales' office in Houston, Harris County, Texas on May 11, 1967, and were pulling it near Clovis, New Mexico on June 10, 1967 when one of its wheels came off. Mr. Spence, who had worked for several years as an electrician, testified that two wires near the brake drum in question had been separated by only one layer of light friction tape. It appeared to be scorched. A hole had worn in the tape, and a short circuit had developed between the wires, causing the wheel to lock and overheat so badly that it had come off the trailer despite the fact that the wheel lugs were still in place on the drum.

Further, that Thompson Trailer Sales represented that the trailer was built by Mobile Scout Corporation, who would stand behind it. Plaintiffs received a printed certificate of warranty bearing the name of Mobile Scout Manufacturing Corporation. It delegates no authority or discretion to Thompson Trailer Sales. Plaintiffs took the trailer to Mobile Scout at Arlington, Texas for repairs (as the warranty requires) and Mobile Scout took it to Rey-Clif of Tarrant County, Texas.

Mr. Spence testified that Thompson warranted that the trailer was in serviceable condition.

■ Under Subdivision 4 of Article 1995 plaintiffs had the burden of 1) alleging a joint cause of action against the defendant, or a cause of action against a resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, 2) proving that Thompson Trailer Sales in fact resides in Harris County and 3) proving that plaintiffs had a cause of action against Thompson Trailer Sales.

■ Plaintiffs have offered no evidence to prove that Thompson Trailer Sales in fact resides in Harris County. The record does not reflect what form of business entity it was, whether the Thompsons own it, whether they reside in Harris County or whether it was a corporation whose principal office or registered office was located in Harris County.

Plaintiffs have also failed to offer any evidence of negligence on the part of Thompson Trailer Sales or of any damages.

We also sustain Rey-Clif's second point of error, which asserts that there was no evidence to establish that plaintiffs were entitled to invoke Subdivision 23 of Article 1995, namely, that either 1) they had a cause of action against Rey-Clif and at least a part of it arose in Harris County, or 2) that Rey-Clif had an agent or representative in Harris County. The burden was on the plaintiffs to prove these venue facts by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91 (1935). We find no evidence in the record that any part of the cause of action stated in plaintiffs' petition arose in Harris County. The trailer was purchased there, but the damage was sustained in New Mexico and no showing was made that any negligent act was committed in Harris County. Nor was there any evidence that Thompson Trailer Sales was the agent or representative of Rey-Clif. The record is silent as to the nature of the relationship, whether the trailers were bought by Thompson, whether Thompson was authorized to deal on behalf of Rey-Clif in promoting its affairs or was subject to its control. See Pierce v. Ford Motor Co., 401 S.W.2d 355 (Eastland Tex.Civ.App. 1966, writ dism.); Lennox Industries, Inc. v. Midway National Bank of Grand Prairie, 417 S.W.2d 482 (Dallas Tex.Civ.App. 1967, no writ), and Shamrock Oil & Gas Corp. v. Todd, 166 S.W.2d 766 (Dallas Tex.Civ.App.1942, no writ).

■ Appellant's third point is that there was no evidence that appellant was a necessary party as required by exception 29a of Article 1995. We sustain this point. If appellees are to maintain their suit against Rey-Clif in Harris County by reason of Subdivision 29a, one of the elements of the exception which they must plead and prove is that Rey-Clif is a necessary party. Ladner v. Reliance Corp., 156 Tex. 158, 293 S. W.2d 758 (1956).

■ A necessary party, within the meaning of Subdivision 29a, is every party whose joinder in the suit is necessary to the securing of full relief in that suit. Appellees sued Rey-Clif as one of three joint tort-feasors. As such they are not necessary parties. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942).

Appellees say by cross-point that although they did not specifically state in their controverting plea that they were relying on Subdivision 9a of Article 1995, they have raised such exception by their pleadings and proof. We agree that the lack of specific mention of Subdivision 9a does not preclude consideration of it under the circumstances they assert. Smith v. R–F Finance Corp., 216 S.W.2d 678 (Ft. Worth Tex.Civ.App.1948, no writ). However, appellees have offered no evidence that there occurred in Harris County any act or omission of negligence on the part of any defendant or his servant, agent or representative, acting in the scope of his employment, which was a proximate cause of plaintiffs' damages.

The order of the trial court as to Rey-Clif Company is reversed. This cause is remanded to the trial court with instructions to sustain Rey-Clif's plea of privilege and to sever the plaintiffs' suit as to Rey-Clif and as severed to transfer it to one of the District Courts of Tarrant County, Texas.