**E. T. SMITH, Appellant,**

**v.**

**NORTHWEST NATIONAL BANK, Appellee.**

**No. 7717.**

Court of Civil Appeals of Texas.

Texarkana.

April 26, 1966.

Rehearing Denied May 24, 1966.

Chester A. Oehler, Dallas, for appellant.

William F. Billings, Fanning, Billings, Harper, Pierce & Gilley, Dallas, for appellee.

FANNING, Justice.

This was a suit by appellee bank for a deficiency judgment on a promissory note. Defendant-appellant filed a cross-action for damages and sought cancellation of the note and the chattel mortgage on two ice machines. Plaintiff-appellee's motion for instructed verdict was granted by the trial court at the close of all of the testimony. Judgment was for plaintiff-appellee bank in the amount of $2,176.00, which amount included interest and attorney's fees and the judgment denied defendant-appellant relief on his cross-action. Appellant has appealed.

On April 14, 1961, appellant borrowed $5,400.00 from appellee and executed a note in the amount of $6372.00, payable to appellee bank in 36 equal successive payments of $177.00 each on the 15th day of each

month beginning May 15, 1961, until the full amount was paid, with interest from maturity at the rate of 10% per annum. The note also provided "upon default in payment of any installment, the holder may without notice or demand declare the remaining balance due and payable" and 10% attorney's fees were provided for in the event of suit, etc. The note was secured by a chattel mortgage upon two ice machines.

Most of the 15 installment payments that appellant made were late. 8 of said 15 payments were made by the bank's debiting appellant's checking account for the amount of the payments due. Such debits were as follows: 9/15/61 payment debited 10/3/61; 11/15/61 payment debited 11/16/61; 12/15/61 payment debited 12/15/61; 1/15/62 payment debited 2/5/62; 2/15/62 payment debited 3/1/62; 3/15/62 payment debited 3/27/62; 4/15/62 payment debited 4/15/62; 7/15/62 payment debited 7/31/62. The bank was not authorized by appellant to debit his account when the note payments were late; of the last three payments, only one was made by a debit to appellant's account, that being the July 15, 1962 payment; the May and June, 1962, payments were made in the regular manner by appellant although they were paid 13 and 20 days late, respectively.

The payment due Aug. 15, 1962, had not been made when the bank issued instructions on Aug. 21, 1962, to pick up its collateral, the two ice machines. Appellant was clearly in default on Aug. 21, 1962, when the bank's pick-up order was issued. Default is defined in paragraph 4 of the chattel mortgage as the occurrence of "any of the following events: (i) the failure of Mortgagor to pay the secured indebtedness or any part thereof as the same becomes due, in accordance with the terms of the note or notes evidencing the same, or when accelerated pursuant to any power to accelerate." The chattel mortgage, in paragraph 5, states that upon the occurrence of a *default,* Bank, at its option, may do var-

ious things to protect its interest. Among these is the following: "(ii) enter upon the premises where the mortgaged property may be and take possession thereof and remove the same without being guilty of any manner of trespass, (iii) sell the mortgaged property as a whole, or in lots or parcels, either at public auction or private sale at Dallas, Texas, or elsewhere, without notice, demand, or advertisement, which are hereby expressly waived, and if the mortgaged property be sold in lots or parcels, such sales may be made from time to time until all of such property be sold or until the secured indebtedness be paid in full."

The bank also on Aug. 31, 1962, addressed the following letter to defendant-appellant found below.[1] The record reflects that the letter was sent by certified mail. A signed receipt indicates that appellee received same on Sept. 1, 1962. On Sept. 4, 1962, appellee-bank took the sum of $954.82 from appellant's bank account and applied same on the note. The bank sold the ice machines for $500.00 each, aggregating $1,000.00, later in July and August, 1963, and this $1,000.00 was credited on the indebtedness. Also certain other credits as shown by the record were given by the bank on the indebtedness.

Appellant contends to the effect that the trial court erred in withdrawing the case from the jury and rendering judgment against appellant because "the pleadings and evidence raised the issue of waiver of prompt payments (no default) and that the issue should be submitted to the jury."

Ordinarily, waiver is a question of fact, but the question becomes one of law where the facts and circumstances are admitted or clearly established. Miller v. Deahl, Tex.Civ.App., 239 S.W. 679, writ refused (1922).

Appellant has not pointed out any direct act of waiver or any agreement by the bank to waive any of the provisions of its note for prompt payment and acceleration in the event of default or prompt payment. As we view appellant's contentions and statement in his brief, he contends to the effect that the appellee bank by debiting his account when payments on his note were past due impliedly waived prompt payments in the future.

A short definition of waiver is that it is "the intentional relinquishment of a known right or such conduct as .warrants an inference of the relinquishment of such right." The Praetorians v. Strickland, Tex. Comm.App., 66 S.W.2d 686 (1933).

A waiver, involving as it does that idea of intention, may be expressed or implied. Waiver may be shown by conduct as will warrant the inference of the relinquishment of a known right; however waiver by implication will be applied only to prevent fraud or inequitable consequences, and to establish an implied waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose or acts amounting to an estoppel on his part. 60 Tex.Jur.2d, Sec. 9, pp. 191–2.

1.

"August 31, 1962

"Mr. E. T. Smith
7631 Second Avenue
Dallas, Texas

Re: Installment Loan #1075
Amount $3,717.00

Dear Mr. Smith:
The above reference note was due August 15, 1962, same being secured by two (2) Lipman Ice Vending Machines.
In view of the delinquency of the above note, we are declaring the full amount of the note due and payable immediately.

Unless it is paid in full by Wednesday, September 5, 1962, we will pursue legal remedies for full amount of principle and interest due, according to terms unto the note.
Your prompt attention to this most urgent matter will be greatly appreciated.
Yours very truly
NORTHWEST NATIONAL BANK
Herbert L. Adams
Vice President
HLA:jo
CERTIFIED #766357
Return receipt requested."

 We think under the situation in the case at bar, where the note and chattel mortgage are clear and explicit as to the dates of payment and as to the bank's right to accelerate payments and declare the balance due on default in payment, that the requirements for the showing of an alleged "implied waiver" should be clear, decisive and unequivocal. In this connection see Corrin v. Slagle, Tex.Civ.App., 300 S.W.2d 657, wr. ref., n.r.e. (1957).

We hold that there was no evidence of probative force in the record to show waiver by appellee bank or by any of its officers. The appellee bank's debiting of the account was not inconsistent with its right to secure prompt payment of later installments as they became due. There is no evidence that appellee bank failed to demand prompt payment where each of the installments became due, and the bank in most instances resorted to the procedure of debiting the account only after payments were several days past due as shown by the record. There was also no evidence that appellant was ready, able or willing at any time to pay the full balance due on his note after default in the August 15, 1962 payment. There was no evidence of probative force to raise an issue of estoppel as against appellee bank.

 The burden of proof to show "waiver" was upon appellant. And such proof must amount to more than a scintilla of evidence, a surmise or suspicion. The Praetorians v. Strickland, Tex.Comm.App., 66 S.W.2d 686 (1933).

 There being no disputed facts, we hold that the trial court in this cause correctly determined as a matter of law that there was no evidence of probative force to show waiver upon the part of appellee bank. The Praetorians v. Strickland, Tex.Comm. App., 66 S.W.2d 686 (1933). Appellant's 1st and 2nd points are overruled.

 We further hold that there were no fact issues raised by the evidence as to wrongful repossession, conversion or damages and that the trial court correctly instructed a verdict against appellant on his cross-action. The repossession was lawful because it was carried out in accordance with the terms of the chattel mortgage. There was no conversion of the ice machines as appellant was in default some 5 or 6 days before the pick-up order was given on August 21, 1962. There was no competent evidence of probative force to raise any issue as to damages. Appellant's 3rd point is overruled.

The judgment of the trial court is affirmed.