Charles W. PRESTON, Appellant,

v.

Charles W. WILLIAMS, Appellee.

No. 4207.

Court of Civil Appeals of Texas.

Eastland.

March 15, 1968.

Brown, Elliott, Brown & Woodburn, Dallas, for appellant.

James, Ingram & Glenn, Tom C. Ingram, Jr., Dallas, for appellee.

COLLINGS, Justice.

Charles W. Williams brought suit against Charles W. Preston for the balance due upon a promissory note. By answer and cross action the defendant alleged fraud in the inducement, failure of consideration, and that by the terms of a written agreement contemporaneously executed the note was not yet due. Defendant prayed that plaintiff be denied recovery on the note and that he recover $2500.00 on his cross action. Plaintiff Williams filed a motion for summary judgment which the defendant controverted. Upon a hearing the motion was granted and judgment rendered against Preston in the sum of $1977.56, together with interest and attorney's fees and that defendant take nothing by his cross action. Defendant Preston has appealed.

The pleadings and affidavits of the parties, depositions and exhibits show that on April 6, 1963, Williams and Preston entered into a contract providing that appellee Williams would construct a residence on a specified lot for appellant. Appellee did construct the residence and appellant moved into it on July 20, 1963. On August 20, 1963, appellee conveyed the property to appellant and as partial payment therefor appellant executed the $2,100.00 note here sued upon which provided for installment payments of $63.89 per month beginning October 20, 1963, and continuing thereafter until fully paid. In response to interrogatories appellant stated that he learned of certain defects in the house complained of in his answer and counter claim "within two weeks after we moved into the house." The record shows that contemporaneously with the execution and delivery of the note appellant and appellee by letter entered into a written agreement providing that payments on the note would not begin until certain specified defects in the house had been corrected and

completed. Appellant's cross action complained of additional defects. It is undisputed that payments on the note in the total amount of $500.00 were made by appellant on February 1, March 25 and June 5, 1964. In a supporting affidavit to his motion for summary judgment appellee, Williams, states that he performed all of the work listed in the agreement of August 20, 1963, between the time of such agreement and January 24, 1964. Appellant, Preston, by his affidavit states that Williams although making some attempt to do so failed to correct or complete the items listed; that he, appellant made payments in the total amount of $500.00 on the note but stopped making payments when it became apparent that Williams was not going to continue and complete the corrections promised.

In appellant's first point it is contended that the court erred in finding that there was no material issue of fact as to whether appellee had complied with the terms of the letter agreement of August 20, 1963. Appellant asserts that the record shows a dispute between the parties as to whether the defects listed in such agreement were satisfactorily corrected by Williams, and that the dispute concerns a material issue of fact.

Appellee concedes the existence of a dispute between the parties concerning the correction or completion of the defective items listed, and concedes that under the letter agreement Preston had the legal right to insist upon the repairs enumerated, plus the right to withhold payments on the note until the repairs were made. Appellee contends, however, that the record conclusively shows that appellant by his subsequent actions waived any claim he may have had regarding such repairs and corrections. Appellee points out that the agreement to the effect that no payments would be required until the specified repairs were made was entered into on August 20, 1963, and that it is undisputed that appellant began making payments on the note in February, 1964. Appellee asserts that the payments

then and thereafter made by appellant are not consistent with his present claim of insisting upon the specified repairs and clearly show an intention on the part of appellant to waive his right to insist upon such repairs before making further payments.

 We sustain appellant's point contending that the court erred in finding that there was no material issue of fact requiring a trial on the question of whether appellee complied with the letter agreement. . As heretofore indicated appellee concedes that the record shows a dispute between the parties on the question of whether appellee performed all the correction work required by the August 20, 1963 agreement. We cannot agree with appellee's contention that the action of appellant in making the $500.00 payments on the note when he was not required to do so by the August 20, 1963 agreement constituted, as a matter of law, a waiver of any defense he had by reason of such agreement. "Waiver" has been defined as "the intentional relinquishment of a known right, or conduct such as warrants an inference of the relinquishment of a known right." 92 C.J.S. pp. 1041, 1043, and cases therein; Massachusetts Bonding and Insurance Co. v. Orkin Exterminating Company, 416 S.W.2d 396, (Tex.Civ.Ct.1967). Generally speaking, the question of whether there has been a waiver is one of fact. 60 Tex.Jur.2d 199 and cases there cited; Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, (1958). The burden of proof to show waiver was on appellee. The Praetorians v. Strickland, 66 S.W.2d 686, (Tex.Com.App. 1933).

 This record indicates that Williams, prior to and during the time of the payments on the note by appellant was making attempts and continued promises to correct the defects specified in the agreement, but that when it became apparent to appellant that Williams was not going to make such corrections, he stopped making payments. Under these circumstances it is our opinion that the question whether appel-

lant waived his rights under the agreement was one of fact. Appellant's payments on the note when he thought Williams was complying with the agreement to remedy the defects should not estop him from relying upon the agreement, nor do such payments conclusively show that appellant intended to waive his rights thereunder. The making of such payments by appellant was consistent with an intent to waive his rights, but under the circumstances the payments did not conclusively establish such an intention. No cases exactly in point have been cited and we have found none. A somewhat analogous situation is set out in 115 A.L.R. at page 90 where it is stated upon cited authority that:

> "A building or construction contractor has generally been held not to have waived the right to recover damages resulting from the delay caused by a default of the contractee, by proceeding with the work under the contract, especially where the contractor protested against the delay."

In Smith v. Northwest National Bank, 403 S.W.2d 158, (Tex.Civ.App., n. r. e., 1966), it was held that a bank by debiting a debtor's account when payments on his note were past due did not impliedly waive prompt payments in the future and that the bank was not estopped from exercising its rights under the prompt payment and acceleration provisions of its note and chattel mortgage; that the action of the bank in so debiting its debtor's account when payments on his note were past due constituted no evidence of probative force tending to show a waiver by the bank of its right to require prompt future payments. Here, appellee contends that appellant's payments on the note conclusively showed an intention on his part to waive the right to further insist that said defects be corrected. We cannot agree with this contention.

In appellant's second point it is contended that the court erred in finding that there was no material issue of fact concerning whether or not appellant was entitled to a

**160**

credit or off-set on the note in question by reason of appellant's counterclaim. Appellant in his pleadings sought a credit or off-set against appellee's claim because of alleged defects in the house constructed by appellee, and by counterclaim sought to recover $2500.00 damages because of such defects and appellee's failure to construct the house according to plans and specifications in a good and workmanlike manner. Appellee urged, among other things, the defenses of the statute of limitations and laches. Appellee here contends that the court properly granted summary judgment as to appellant's counterclaim because the undisputed facts show that it was barred by Article 5526, Vernon's Ann.Tex.Civ.St., the two year statute of limitations and by laches. This contention of appellee is not well taken.

▪ The subject matter upon which appellant's counterclaim was based did not constitute an independent cause of action. On the contrary it went to the very foundation of the cause of action asserted in appellant's suit upon the note. The note was given as a part of the consideration for building the house in accord with their contract. It is held that the statute of limitations is not applicable where the subject matter of the defense is strictly by way of defense and operates merely as a negation of the plaintiff's right to recover. This record, therefore, does not show that appellant's counterclaim was barred by the statute of limitations. Contrary to appellee's contention the judgment cannot be sustained on that ground. 37 Tex.Jur.2d pages 103, 104; Morriss-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313 (Tex.Com.App.1936); Mason v. Peterson, 250 S.W. 142 (Tex.Com. App.1923).

▪ Laches is an affirmative defense and must be established by the party asserting it. City of Fort Worth v. Johnson, 388 S.W.2d 400, (Tex.Sup.Ct.1964). The question whether a person has been guilty of such unreasonable delay in seeking to enforce his rights as to constitute laches is ordinarily one of fact. 35 Tex.Jur.2d 475, 476. The judgment in the instant case, in our opinion, cannot be sustained on the ground that the undisputed facts, as hereinabove set out conclusively show that appellant's counterclaim was barred by laches. Appellee's contention that the judgment can be so sustained is overruled.

The judgment is reversed and the cause is remanded.