Billy C. OLIVER, Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 17440.

Court of Civil Appeals of Texas,
Dallas.

May 22, 1970.

Rehearing Denied June 26, 1970.

E. D. Forbes, Dallas, for appellant.

John H. Marks, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

DIXON, Chief Justice.

Billy C. Oliver, plaintiff, sued Allstate Insurance Company, defendant, seeking recovery under an insurance policy for damages to his automobile resulting from a collision.

The Insurance Company defended on the ground that the policy was not in effect on May 21, 1968, the date of the collision, having been cancelled as of April 28, 1968 for nonpayment of premium.

The policy contained a provision as follows: "This policy may be cancelled by the company by mailing to the insured * * * at the address shown in this policy written notice stating when not less than 10 days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period."

Defendant filed a motion for summary judgment. The motion was supported by two affidavits, one by R. P. Viets, defendant's Operating Division Manager, the other by Dorothy Patterson, defendant's employee in charge of handling policy cancellations. The substance of the affidavits is as follows: plaintiff failed to make a premium payment of $35; accordingly he was mailed a notice of cancellation pursuant to the terms of the policy; this written notice was properly mailed on April 15, 1968 informing plaintiff that his policy would be cancelled as of April 28, 1968 for nonpayment of premium; thereafter on May 25, 1968 plaintiff paid the $35, which was past due; this was after the collision (which occurred May 21, 1968) but was before plaintiff notified defendant of the collision; following receipt of the $35 on May 25, 1968, defendant sent plaintiff a written notice that his policy had been reinstated as of May 25, 1968; also a notice that plaintiff's account had been credited with $10, the amount of the unearned premium for the period April 28, 1968 to May 25, 1968 when plaintiff's policy was not in effect, having been cancelled.

Plaintiff filed an unsworn answer to defendant's motion for summary judgment. But he did not file any controverting affidavits, nor in his unsworn pleadings does he allege that he did not receive the notice of cancellation. There are no depositions in the record.

Defendant filed a Request for Admissions pursuant to Rule 169, Vernon's Texas Rules of Civil Procedure. Requests Nos. 1 and 2 called on plaintiff to admit that he had received the notice of cancellation. Plaintiff answered with a denial, that is, he refused to admit receiving the notice.

It is the law in this state that when it is conclusively established as a fact that the notice of cancellation was sent to the insured at his last known address in a

properly stamped envelope the company has perfected its right to cancel pursuant to the terms of the policy. This is true though the insured may not have received the notice. United States Fire Ins. Co. v. Fletcher, 423 S.W.2d 89, 91 (Tex.Civ.App., Houston 1967, writ ref'd n.r.e.); Willis et al. v. Allstate Ins. Co., 392 S.W.2d 799, 802 (Tex.Civ.App., Dallas 1965, writ ref'd n. r. e.); Frontier-Pontiac, Inc. v. Dubuque Fire & Marine Ins. Co., 166 S.W.2d 746, 747 (Tex.Civ.App., Fort Worth 1942, writ ref'd).

However our Supreme Court in the very recent case of Sudduth v. Commonwealth County Mutual Ins. Co., 454 S.W.2d 196 (reported in The Texas Supreme Court Journal for May 6, 1970) has held that in a summary judgment case evidence by affidavit that the notice was not received constitutes some evidence that the notice was not mailed. Under such circumstances it cannot be said that it has been *conclusively* established that the notice was mailed. A fact issue is presented which precludes the rendition of a summary judgment.

■ In our opinion the rule announced by our Supreme Court in *Sudduth* is not applicable here. It is true that plaintiff in this case in answering Request for Admissions refused to admit that he had received the notice. But this is not summary judgment evidence that he did not receive the notice. It is merely a refusal to *admit* that he received the notice—it does not raise a fact issue such as to preclude a summary judgment. Sandone v. Dallas Osteopathic Hospital, 331 S.W.2d 476, 479 (Tex.Civ. App., Amarillo 1959, writ ref'd n. r. e.); Halbert v. Sylestine, 292 S.W.2d 135, 138 (Tex.Civ.App., Beaumont 1956, no writ).

■ Plaintiff apparently contends that since Viets and Patterson were interested witnesses their affidavits even though uncontradicted can do no more than raise a fact issue in regard to mailing the notice of cancellation. It is true that the general rule is that ordinarily the testimony of an interested witness though uncontradicted raises a fact issue. But the rule is subject to qualification. We quote from the opinion of our Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965):

> "If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, *unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony.* Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). *This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so.* Valley Stockyards Co. v. Kinsel, [Tex., 369 S.W.2d 19] supra; James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 at 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943); Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, [114 S.W.2d 226], 136 S.W.2d 207 (1940)." (Emphasis ours.)

■ The plaintiff here chose not to file an affidavit affirmatively asserting as a fact that he did not receive the notice. He could have done so and put the fact in issue. We think the situation comes within the exception stated by our Supreme Court as quoted above.

■ In his brief appellant presents three alleged "Grounds of Error." But these three alleged grounds are merely abstract statements of legal principles—they present purely abstract propositions of law. They are not "points upon which the appeal is predicated" as prescribed in Rule 418(b), T.R.C.P. Jones v. Hortenstine, 291 S.W. 2d 761, 763 (Tex.Civ.App., Amarillo 1956, no writ); Clark v. Cohen, 205 S.W.2d 797 (Tex.Civ.App., Galveston 1947, writ ref'd n. r. e.). See also "Lecture by Hon. James

Alexander, Chief Justice of the Supreme Court," in Commentaries under Rule 418 on p. 573 of Vol. 4 of Vernon's Texas Rules of Civil Procedure. However, we have considered plaintiff's contentions as we understand them after a reading of his brief as a whole. Dufner v. Haynen, 263 S.W.2d 662 (Tex.Civ.App., San Antonio 1953, writ ref'd n. r. e.); Little v. Employees Security Life Ins. Co., 343 S.W.2d 517 (Tex.Civ.App., Dallas 1961, writ ref'd n. r. e.). We are of the opinion that the trial court was correct in sustaining defendant's motion for summary judgment.

The judgment is affirmed.