C. E. RICE, next friend of Jeffrey Charles Mallow, a minor and Karen Hunt, Appellants,

v.

The TRAVELERS INDEMNITY COMPANY et al., Appellees.

No. 5435.

Court of Civil Appeals of Texas, Waco.

Aug. 7, 1975.

Rehearing Denied Sept. 4, 1975.

Patrick M. Reed, Denison, for appellants.

David R. Noteware, Dallas, Benjamin N. Hamilton, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Rice, next friend of Jeffrey Charles Mallow and Karen Hunt, as heirs and legal representatives of Charles L. Mallow, deceased, from take-nothing judgment in suit for accidental death benefits under an automobile liability policy, issued by defendant Travelers Insurance Company, and sold through defendants Barrett, Jackson and Chapman d/b/a Jackson & Barrett Insurance Agency.

Plaintiffs sued defendants alleging Charles L. Mallow purchased policy of insurance from defendant Travelers through its agent Jackson & Barrett on February 6, 1971, which provided for payment of $10,-000 in event of death of Mallow as result of an automobile accident; that the policy expired on February 6, 1972; was in effect on November 21, 1971; that Mallow was killed by being struck by an automobile on November 21, 1971; and that defendant Travelers denied liability for payment. Plaintiffs prayed for judgment against defendant Travelers, and alternatively against defendants Barrett, Jackson and Chapman.

Defendant Travelers answered that the policy had been cancelled in August 1971, and was not in force at the time of the accident. Defendants Barrett, Jackson and Chapman answered by general denial, and by denial that it had received any premiums other than those earned prior to August, 1971.

Trial was to a jury pertinent of which findings are summarized as follows:

1) Travelers Indemnity Company effected a cancellation of the insurance policy;

2) Travelers Indemnity Company did not waive cancellation of such policy by accepting the proceeds of the $83.00 check dated September 2, 1971;

3) Jackson & Barrett Insurance Agency did not waive cancellation of such policy by accepting the proceeds of the $83.00 check dated September 2, 1971.

The trial court rendered judgment on such verdict that plaintiffs take nothing.

Plaintiffs appeal on 6 points contending:

1) The trial court erred in overruling plaintiffs' objection to the submission of Issues 1, 2 and 3, for the reason that same present questions of law rather than questions of fact, and should have been determined by the court;

2) The trial court erred in not granting plaintiffs' motion for judgment notwithstanding the verdict in that the jury's answers to Issues 2 and 3 are so against the great weight and preponderance of the evidence as to be unjust;

3) The trial court erred in not granting plaintiffs' motion for judgment notwithstanding the verdict because it was admitted by defendant Jackson, his company accepted the check for $83.00 which clearly indicated it was for payment on the automobile insurance on the automobile owned by deceased Charles L. Mallow; that defendant Jackson admitted that a portion of the funds were not applied to said policy and admitted misapplication of a portion of same to a home-owners policy.

We revert to contention 1 that Issues 1, 2 and 3 present findings of law rather than of fact, and should have been determined by the court. Issue 1 inquired whether Travelers effected a cancellation of the policy; Issue 2 inquired whether Travelers waived the cancellation of the policy by accepting the $83. check; and Issue 3 inquired whether Jackson & Barrett waived the cancellation of the policy by accepting the $83. check.

The policy provides that it may be cancelled by either party at anytime for any reason, and further provides the procedure to be followed in cancelling. Whether a cancellation was effected was an issue of fact, *Sudduth v. Commonwealth Mut. Ins. Co.,* Tex., S.Ct., 454 S.W.2d 196; *Oliver v. Allstate Ins. Co.,* Tex.Civ.App., Er.Dismd., 456 S.W.2d 558.

Waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right, and is ordinarily a question of fact. *Smith v. Northwest Nat. Bank,* Tex.Civ.App., NRE, 403 S.W.2d 158; *Praetorians v. Strickland,* Tex. Comm.App., 66 S.W.2d 686.

Contention 2 is that the trial erred in not granting plaintiffs' motion for judgment notwithstanding the verdict because the jury's answers to Issues 1, 2 and 3 are against the great weight and preponderance of the evidence.

Judgment notwithstanding the verdict can only be granted on a no evidence point. Rule 301 Texas Rules of Civil Procedure; *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194.

Contention 3 asserts the trial court erred in not granting plaintiffs' motion for judgment notwithstanding verdict because defendant Jackson admitted his company accepted the $83. check which clearly indicated it was for payment on the automobile insurance and that a portion of such funds were not applied to such policy but misapplied to the home-owners policy.

Travelers, through its agents, Jackson & Barrett, on February 6, 1971, issued mallow a policy on his 1968 Pontiac GTO, which provided for accidental death benefits. The policy was for one year. Mallow and his wife had insurance on another car and a home-owners policy with defendants. Premium payments on all insurance policies

were on a monthly basis to Jackson & Barrett. On July 8, 1971, Mallow was behind $157.62 on his monthly payments of insurance premiums, and Jackson & Barrett had learned Mallow and his wife were getting a divorce. On July 8, 1971, Jackson & Barrett wrote Mallow, "Since you and Mrs. Mallow no longer reside in the same household it is necessary for us to separate your coverage. At the present time you are in arrears $157.62. This must be brought up to date. If we do not hear from you by return mail we will have to take steps * * which could result in cancellation of your coverage." Mallow did not reply, and Jackson & Barrett requested Travelers to cancel the insurance, which Travelers did on August 11, to be effective August 23, 1971. Mallow was given notice of such cancellation as required by the policy.

Mrs. Mallow paid Jackson and Barrett the premiums attributable to the car she had. Jackson & Barrett advised Mallow the earned premium after cancellation on the 1968 Pontiac was $83.00, and that he owed $8.44 additionally. Jackson testified: "I was concerned and that is why we wrote him (Mallow) to find out if he wanted that coverage in effect to continue, or if he wanted to make other arrangements. Q. Did he answer your? A. He did not not. Q. He sent you $91.44; that's a pretty good answer, isn't it? * * * Q. He did answer you then? A. Yes sir, he sure did. Mallow on September 2, 1971, mailed to Jackson & Barrett his check for $83.00 marked "Final pmt. Ins. 1968 GTO," and on September 15, 1971, mailed Jackson & Barrett a check for $8.44, marked "Final Balance."

At the time of cancellation Mallow actually owed $91.44 broken down: $38.79 earned premium on the 1968 GTO policy, and $52.65 earned premium on the home-owners policy. Jackson & Barrett credited the $83.00 and $8.44 (totalling $91.44) $38.79 to the 1968 GTO policy and $52.65 to the home-owners policy (totalling $91.44).

Mallow never asked that his automobile policy be reinstated, never asked that a new policy be issued, nor communicated further in any way. Mallow was killed in an accident November 21, 1971.

Plaintiff asserts that since the $83.00 check was marked "Final pmt. Ins. 1968 GTO." and only $38.79 was actually due on the GTO policy, that the balance should have been applied to pay future premium on the GTO policy, which would have paid it beyond the date of Mallow's death; that application of the balance to other insurance premiums owed by Mallow was a misapplication of such funds; and for such reason defendants have waived cancellation of the policy as a matter of law.

Plaintiff's brief says: "A reading of the Statement of Facts clearly reflects that defendant agency misled the deceased into paying more money ($83.00) on the automobile policy than was earned thereon ($38.79), and then applied the balance to other accounts." Plaintiff asserts the $83.00 under the facts *must* be applied to the GTO policy which would prepay it beyond the date of Mallow's death.

Mallow clearly intended to pay only the premium earned on his GTO policy prior to the cancellation of such policy. Plaintiffs concede this when they state "defendant misled plaintiff into paying more money on the automobile policy than was earned thereon". And Mallow clearly further intended to pay defendants what he owed on other policies. (He sent his check for $8.44 marked "final balance.")

While forfeiture of policy of insurance due to the insured's default may be waived by acceptance, by the insurer of payment of an overdue premium,[1] we cannot hold on the record before us that defendants waived cancellation of the policy as a matter of law, or that the trial court erred in

1. 32 Tex.Jur.2d p. 360, *Republic Ins. Co. v. Silverton Elevators, Inc.,* Tex., S.Ct., 493 S.W.2d 748.

not granting plaintiff's motion for instructed verdict.

Plaintiff's points are overruled.

Affirmed.