**Alfred MANZ et ux., Appellants,**

v.

**P. R. JOHNSON et ux., Appellees.**

**No. 17666.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 9, 1976.

Rohne & Hoodenpyle, and Jerry R. Hoodenpyle, Arlington, for appellants.

W. B. Woodruff, Jr., Decatur, for appellees.

## OPINION

SPURLOCK, Justice.

Our judgment rendered in the above numbered and entitled cause dated December 12, 1975, is hereby vacated and set aside. Our opinion of that date is withdrawn. The following opinion is substituted therefor.

This is an appeal from a summary judgment granted in favor of the defendants, P. R. Johnson and wife, Minnie H. Johnson, in a suit brought by plaintiffs, Alfred Manz, and wife, Esther L. Manz, to foreclose an alleged equitable lien. Plaintiffs claimed a purchase money lien against certain realty against the defendants, who were subsequent purchasers of the realty involved.

In November, 1972, the plaintiffs conveyed a lot to Mr. and Mrs. Robert Ross, by general warranty deed. No vendor's lien was reserved in the deed and no lien was recorded. The terms of the written contract of sale between Albert Manz and P. R. Johnson provided that the purchase price of the property was $1,500.00, that $40.00 had been paid as a down payment and the balance of the purchase price was payable at the rate of $40.00 a month, bearing interest at 8% per annum. The contract described the real estate here involved and the seller further obligated himself to deliver to the buyer a general warranty deed to said property. After this sale plaintiffs observed a newspaper advertisement advertising the lot for sale. Mr. Manz proceeded to the lot and met the defendant, P. R. Johnson, on the premises. Plaintiff, Manz, informed Johnson at that time that Ross owed him the $1,500.00 purchase price money for the sale of the lot and that the first monthly payment was made by check which was hot. The defendant Johnson told plaintiff that he was buying the property and that there would be a "closing" that month and suggested that plaintiff Manz be present at the title company for the closing. On December 29, 1972, plaintiff attended the closing at the title company's office. Immediately prior to the closing and in the title company's office and in the presence of the defendant Johnson, the Rosses, and a representative of the title company, plaintiff, Alfred Manz, again advised all parties that he had not been paid the balance of the purchase price money for the sale of the lot to the Rosses. Ross, at that time, in the presence of all parties, admitted that he owed the purchase price money to Manz and said he would "settle up". The representative of the title company stated that she could find no recorded encumbrance and proceeded to issue a title policy and delivered a deed to the Johnsons, executed by the Rosses, and made out a check to the Rosses in the amount of approximately $2,500.00.

The above facts are reflected by the depositions and are without dispute.

When Manz kept demanding his money, Ross told him to follow him to the bank and he would get his money. Manz followed Ross on the purported trip to the bank but Ross sped up and disappeared. No one has been able to find him since. He was originally a party to this suit but was non-suited

because he could not be found for service of process upon him.

The Johnsons filed their motion for summary judgment contending that (1) there is no lien enforceable as against them because they are not indebted to the Manzes, and (2) even if there was an equitable lien favoring the Manzes, it is subject in this case to certain equitable defenses, including waiver, estoppel, and the Johnsons were bona fide purchasers without notice. The trial court granted the motion for summary judgment on the basis of the pleadings and the depositions of Mr. Manz, Mr. Johnson and Mrs. Gresham, the title company representative.

We reverse and remand for a new trial.

Appellants' second point maintains that the granting of the summary judgment was error because there was a material fact issue as to whether an equitable lien was created in their favor due to the unpaid purchase money.

The Johnsons do not contend either in their motion for summary judgment nor in their brief that an equitable lien never existed in favor of plaintiffs as against the Rosses. We therefore accept, as far as this appeal is concerned, the statement made in appellants' brief that an equitable lien was created as between appellants and the Rosses securing the original purchase price of $1,500.00. Rule 419, T.R.C.P.

The real question under this point is whether the equitable purchase money lien in question can be foreclosed against the defendants under the facts in this case. Rule 418, T.R.C.P. In addressing that question we should also consider appellants' point number three, restated as follows: Was there a material fact question as to whether or not the appellees were bona fide purchasers for value without notice, i. e., did they take the property subject to the lien if they knew the Rosses still owed the original purchase money to the Manzes?

Cases involving equitable liens are rather infrequent but the remedy has been recognized in this state for over a century.

As a general rule, " . . . a vendor has a lien upon the thing sold for the purchase money, without any special agreement for that purpose; . . . the vendee holds in trust for the vendor until the purchase money is paid; and . . . this trust attaches to the land or thing sold, and follows it into the hands of subsequent purchasers with notice." *McLain v. Quinn*, 4 S.W.2d 121 (Fort Worth Civ.App., 1928, no writ hist.) citing *Briscoe v. Bronaugh*, 1 Tex. 326 (1846). See also *United States v. Morrison*, 247 F.2d 285 (5th Cir., 1957).

We hold that, given the foregoing, there was a question of material fact as to whether Mr. Johnson qualified as a bona fide purchaser without notice. Since the deposition evidence does present a serious question with regard to a material issue of fact, the motion for summary judgment must be resolved against movants. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952).

Points of error numbers two and three are sustained.

Appellants' fourth point of error complains of alleged error by the trial court in granting a summary judgment since a material fact question existed as to whether or not the equitable lien was nullified by the actions of Mr. Manz subsequent to its origination.

We sustain the fourth point of error.

In most cases where an equitable lien has been found nullified by the actions of its holder, it has been held that such person waived any right to foreclose the lien due to his actions under the facts of the particular case. *Irvin v. Garner*, 50 Tex. 48 (1878); *Frye v. Frye*, 239 S.W.2d 406 (Waco Civ.App., 1951, refused). Waiver has been defined as an intentional release, relinquishment, or surrender of a right that is known to the party making it. The *Praetorians v. Strickland*, 66 S.W.2d 686 (Tex.Com.App., 1933). As a general rule, the existence of waiver in a particular case is a question of fact. *Adams v. A. A. Paton & Co.*, 173 S.W. 546 (Texarkana Civ.App., 1915, no writ

hist.); *Futrell v. Martin*, 40 S.W.2d 946 (Texarkana Civ.App., 1931, no writ hist.). However, waiver becomes a question of law where the facts and circumstances are admitted or clearly established. *Smith v. Northwest National Bank*, 403 S.W.2d 158 (Texarkana Civ.App., 1966, ref., n.r.e.).

It is our opinion that the deposition testimony as a whole and particularly the deposition testimony of Manz discloses that a fact issue is presented on the issue of waiver.

Mr. Manz testified by way of deposition that he had made no agreement with anyone to release or forego any claim on the property for the $1,500.00 purchase price money. He testified that he told Mr. Johnson that he wanted his $1,500.00 and did not care whether he paid it, the title company paid it, or Ross paid it. He thought the title company would take care of it but when they said they could not do it he did not care where the money came from. Mr. Johnson was buying the property and in the long-run he was the one who would be trying to pay for it. Manz testified that his claim was against the property and he would hold that claim against the property until such time that someone paid for it, whether it was Ross or whoever.

The fact that Manz attempted to follow Ross to the bank for the cashing of the check in order that he might get his money is not a waiver as defined above. He had no intention of releasing his lien until someone paid him the balance of the purchase price.

We hold that the Johnsons, as movants, failed to meet the burden of proof imposed upon them by law, in that they failed to establish that there were no issues of fact and that the Johnsons were entitled to judgment as a matter of law.

We have also examined the defenses of laches, estoppel, extinguishment, and payment, and find them inapplicable to the facts of this case.

The fourth point of error is sustained.

We have considered appellants' point of error number one which is a general complaint of the trial court's error in granting summary judgment because "several issues of material fact" exist. Since all of the points of error were briefed together and the argument confined itself solely to the complaints more specifically enumerated in subsequent points, we find point of error number one to be surplusage.

The judgment of the trial court is reversed and the case remanded for trial.