Roy V. JACKSON, Appellant,

v.

John M. GRAY, Appellee.

No. 1063.

Court of Civil Appeals of Texas, Tyler.

Nov. 17, 1977.

Rehearing Denied Dec. 8, 1977.

Howard V. Tygrett, Jr., Tygrett & Florence, Harold J. Dollinger, Dallas, for appellant.

James K. Peden, III, Strasburger & Price, Duncan L. Clore, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a summary judgment case. The appellant, Roy V. Jackson, brought an action for tortious interference with contractual relations against the appellee, John M. Gray. This suit arose when Jackson was discharged from his position as Executive Vice President and Cashier of Dallas International Bank by Gray, who held the position of Chief Executive Officer and Chairman of the Board. Jackson had been employed at his position for a period of fourteen months when he was dismissed on June 27, 1975.

Jackson's contention in his suit was that Gray did not have the authority to dismiss him, that such authority rests only in the board of directors.

Gray's action in discharging Jackson was subsequently approved by the board of directors on July 15, 1975. Jackson's only point of error is that the summary judgment was improperly granted. He argues that the record in the cause does not affirmatively show that the board of directors were aware of all the pertinent facts concerning Jackson's dismissal which they purported to ratify. Jackson also asserts in his brief that at the very least he is entitled to his salary up to the time a valid dismissal takes place.

Article 342–409, Tex.Civ.Stat.Ann. (1943), states that "Each officer of the bank shall serve only during the pleasure of the board . . . ." The board need not state any reason for dismissing an officer. In fact, the board does not need to have any reason for dismissing an officer, since the statute allows an officer to be dismissed at the board's pleasure.

The minutes of the board of directors' meeting on July 15, 1975, approving Gray's action in dismissing Roy Jackson, state that "[T]here followed a discussion of specifics on the dismissal." A valid ratification requires knowledge by the principal of all the pertinent facts. *Leonard v. Hare,* 161 Tex. 28, 336 S.W.2d 619, 621 (1960). When ratification is shown by undisputed evidence, it may be determined as a matter of law. *Gaston v. Copeland,* 335 S.W.2d 406, 409 (Tex.Civ.App.-Amarillo 1960, writ ref'd n.r.e.); *Indemnity Ins. Co. of North America v. Kelley,* 76 S.W.2d 809, 811 (Tex. Civ.App.-Beaumont 1934, no writ).

We feel the minutes of this board meeting provide a sufficient showing of knowledge by the board of directors of the pertinent facts regarding the dismissal of Jackson. It is not necessary to enumerate these specifics in the minutes of the meeting. In light of Article 342–409, supra, the pertinent facts regarding the dismissal of Roy Jackson by John Gray are knowledge of the act of dismissal itself and the subsequent approval of the act by the board. The reasons, if any, behind the act are immaterial. We believe a valid ratification took place with knowledge of all the pertinent facts.

Even if a valid ratification was not made by the board of directors, their attempt at ratifying the dismissal of Jackson was tantamount to dismissing Jackson upon motion of a member of the board of directors. In effect, Gray merely received the board's approval of the dismissal of Jackson and this board's approval was per se a valid dismissal of Jackson. Therefore, the latest possible date upon which Jackson was dismissed was July 15, 1975. Jackson was given termination pay beyond July 15, 1975, thus he has no basis for complaint that he was not compensated for the full period of his employment.

In addition to the minutes of the board of directors' meeting, the summary judgment proof offered by Gray included an affidavit by Thomas Unis stating that the actions of Gray in dismissing Jackson were confirmed and ratified by the board of directors.

In opposition to the appellee's motion for summary judgment, Jackson embodied in an affidavit various contentions and allegations, all of which did nothing to set forth any facts which are disputed in this case. The remainder of the record offers no evidence to raise a dispute concerning a material fact issue, other than the appellant's pleadings, and these pleadings will not serve to raise a genuine issue of material fact. *Keahey v. Dallas Teachers Credit Union,* 374 S.W.2d 450, 452 (Tex.Civ.App.-Tyler 1964, no writ); *Sparkman v. McWhirter,* 263 S.W.2d 832 (Tex.Civ.App.-Dallas 1953, writ ref'd).

The well established rule is that a summary judgment should only be granted if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Prestegord v. Glenn,* 441 S.W.2d 185 (Tex.1969); Rule 166–A(c), Tex.

R.Civ.P. The ultimate question is whether the summary judgment proof establishes that there is no genuine issue as to any material fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952); Rule 166–A(c), supra. As we view the record, there is nothing in the summary judgment proof raising a disputed issue of material fact. It therefore follows that the appellee was entitled to a summary judgment as a matter of law and appellant's point of error is overruled.

The judgment of the trial court is affirmed.