**DENTON CONSTRUCTION COMPANY, Appellant,**

v.

**MIKE'S ELECTRIC COMPANY, INC., Appellee.**

No. 18570.

Court of Appeals of Texas, Fort Worth.

Sept. 23, 1981.

Rehearing Denied Oct. 14, 1981.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, James H. Baumgartner, Jr., and Rush E. Cone, Dallas, for appellant.

Rohne & Hoodenpyle and James E. Lobert, Arlington, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

The appeal is from a summary judgment granted appellee in a suit for debt due under a contract between appellee and appellant for electrical work to be performed on Alvord Independent School District by appellee. Appellant was the general contractor for the construction of additions and alterations to the Alvord Public Schools. Appellee also sued Fidelity American Insurance Company as surety on a payment bond issued to appellant.

We affirm.

Appellee filed its motion for summary judgment along with an affidavit signed by appellee's president showing that the sum of $17,773.88 was due and unpaid by appellant for work performed under the sub-contract between the parties. The summary judgment hearing was held on September 12, 1980, 60 days after it was filed. Appellant had filed only a general denial and at the summary judgment hearing offered no summary judgment proof that the contract debt was not due and owing.

On October 3, 1980 the trial court granted appellees' motion for summary judgment for $17,773.88 plus interest and attorney's fees. The trial court then severed the cause of action against Fidelity American Insurance Company, with result that the appeal by the construction company might be proper.

By point of error appellant complains that summary judgment was improper because there are fact issues as to whether or not appellee had performed all required work in a good workmanlike manner and as to whether appellant had been given credit for all offsets and credits due it.

It was shown by the summary judgment affidavit that appellee had performed all the work required by the contract, that no one had requested any additional work to be done, and that the sum of $17,773.88, plus interest was due from appellant. The contract referred to in the affidavit required that the electrical work be performed in a good and workmanlike manner.

By admissions of appellant to appellee's first set of requests for admissions it was established that:

1. Appellant had not requested appellee to perform any additional work.

2. So far as appellant knew, neither the Alvord School District, the project architects, nor anyone else had requested any further work of appellee work which had not been done.

3. The architects had certified the work as complete and had authorized final payment.

4. The Alvord Independent School District had paid to appellant all the sums for electrical work done by appellee and billed by it to appellant.

5. Although appellant has been paid in full for all work done on the project by the school district, including all the work done by appellee, appellant has never paid to appellee the balance due it of $17,773.88.

■ We hold that appellee properly discharged its burden of proof on the summary judgment hearing and that appellant had failed at that time to raise any issue of fact. Tex.R.Civ.P. 166–A(c) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogations, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact. *Jackson v. Gray*, 558 S.W.2d 138 (Tex.Civ.App.—Tyler, 1977, writ ref'd n. r. e.); *Sharpe v. Lomas & Nettleton Financial Corporation*, 601 S.W.2d 55 (Tex.Civ.App.—Dallas, 1980).

■ Appellant contends that its denial of certain requests for admissions filed by appellee raises material fact issues which should have prevented the granting of appellee's motion for summary judgment. We do not agree. Denials to requests for admissions are not proper summary judgment evidence. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980); *Oliver v. Allstate Insurance Co.*, 456 S.W.2d 558, 560 (Tex.Civ.App.—Dallas 1970, writ dism'd w. o. j.).

■ Appellant then argues that certain self-serving statements in its answers to requests for admission raised fact questions regarding the completion of the work in question in a good and workmanlike manner, and as to amounts due under the contract. These answers to the request for admissions were non-responsive, self-serving, and surplusage and do not raise any fact issue. Tex.R.Civ.P. 169; *Lowe v. Employers Casualty Co.*, 479 S.W.2d 383, (Tex. Civ.App.—Fort Worth, 1972); *Halbert v. Sylestine*, 292 S.W.2d 135 (Tex.Civ.App.— Beaumont, 1956). Furthermore, responses to requests for admission may not be used affirmatively by a party upon whom the requests are served.

■ Appellant also complains of the trial courts' denial of its' motion for new trial and its' refusal to consider a motion for leave to amend its original answer and to file an affidavit which could conceivably have raised one or more fact issues.

This motion, according to appellants' counsel's brief and affidavit filed in the trial court, was allegedly left with the district clerk a few days after the summary judgment hearing. However, it was never actually filed by the district clerk. This motion, filed in the transcript in this appeal, *did not contain any file mark showing it was filed in the clerk's office.* (Emphasis ours).

The Motion for Leave to Amend and file affidavit was never called to the trial court's attention. The trial court did not have the opportunity to either grant or deny this motion. Accordingly, it can not

be considered on appeal. The trial court did not err in overruling appellant's motion for new trial.

 Appellant also asks this court to assess additional damages under Rule 435 Tex.R.Civ.P., to compensate for unjustified delay caused by appeal. This is not a case for the assessment of such damages, and the request is therefore denied.

All points of error are overruled and the judgment of the trial court is affirmed.