The STONE FORT NATIONAL BANK OF NACOGDOCHES, Appellant,

v.

The CITIZENS STATE BANK OF CORRIGAN, Appellee.

No. 09 86 013 CV.

Court of Appeals of Texas, Beaumont.

Dec. 11, 1986.

William D. Guidry, Benchoff & Guidry, Nacogdoches, for appellant.

Joe Scott Evans, Evans & Kitchens, Groveton, for appellee.

OPINION

DIES, Chief Justice.

James Willson Enterprises, Inc., is a corporation owned entirely by its president, James Willson. The corporation was involved in the business of buying and selling

heavy equipment, and also used heavy equipment on a contract basis. The corporation financed its inventory with the appellant bank (Stone Fort) and with the appellee bank (Citizens). In return for a $550,-000.00 loan with Stone Fort Bank, the corporation executed a security agreement which granted Stone Fort a security interest in "all inventory", including after-acquired inventory. Stone Fort perfected this security interest by filing a financing statement with the Secretary of State on October 23, 1981. The financing statement described the collateral as "all merchandise, inventory, new and used...."

The corporation purchased a 1980 model D-6-D caterpillar tractor on October 18, 1984, at an auction. Mr. Willson, the corporation's president, attended the auction with Anthony Page, president of Citizens State Bank, for the purpose of selling three pieces of heavy equipment. Mr. Page told Willson that Citizens would loan him the money to cover a corporate check Willson wrote to pay for the D-6-D tractor. Willson executed a security agreement in favor of Citizens Bank which granted Citizens a security interest in the D-6-D tractor. Citizens filed a financing statement with the Secretary of State on October 29, 1984, which specifically described the D-6-D tractor as collateral.

On January 12, 1985, at the request of James Willson, agents of Stone Fort Bank came to the James Willson Enterprises' sales lot in Corrigan to repossess its collateral. Mr. Willson told Stone Fort's agents that the D-6-D tractor was the collateral of Citizens Bank. The agents of Stone Fort took possession of the tractor anyway. Stone Fort Bank sold the D-6-D tractor and accessories for $55,000.00. Citizens Bank brought suit against Stone Fort Bank, alleging that it had converted Citizens Bank's collateral and seeking a declaratory judgment that Citizens Bank's security interest in the D-6-D tractor was entitled to priority over the interest of Stone Fort Bank. Stone Fort filed a counterclaim against Citizens Bank, alleging that James Willson Enterprises sold three pieces of machinery at the auction held on October 18, 1984, in which Stone Fort's security interest was superior to that of Citizens Bank, and that the corporation paid the proceeds of the sale of each machine to Citizens Bank. Stone Fort alleges this constitutes conversion of its property by Citizens Bank.

After a bench trial, the trial judge held that Citizens Bank's lien against the D-6-D tractor was superior to that of Stone Fort Bank. The trial court rendered judgment for Citizens Bank in the amount of $55,-000.00 on its suit for conversion plus attorney's fees. The trial court also entered a take-nothing judgment against Stone Fort Bank on its counterclaim. The trial court also filed findings of fact and conclusions of law. Stone Fort Bank has perfected this appeal from the judgment of the trial court.

By its first two points of error, Stone Fort Bank urges that the trial court erred in granting judgment for Citizens Bank because there was no evidence or insufficient evidence that Citizens Bank's security interest in the D-6-D tractor was entitled to priority over that of Stone Fort Bank. The trial court found, as a matter of fact, that James Willson told the president of Citizens Bank that he wanted to purchase the D-6-D tractor for the purpose of doing some excavation work on his individually owned property, and that subsequently the tractor was used for such purposes. The trial court also found that the tractor was then brought to the James Willson Enterprises' sales location for servicing.

■ The trial court's findings of fact will not be disturbed on appeal unless they are not supported by evidence of probative value, or they are so against the great weight of the evidence as to be manifestly wrong. *See Jackson v. McKenney*, 602 S.W.2d 124 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.). The general rule of priority of security interests is that the first perfected interest is entitled to priority. *TEX.BUS. & COM.CODE ANN. sec. 9.312(e)(1)* Vernon Supp.1986). In the present case, Stone Fort Bank perfected its

security interest first by being first to file a financing statement with the Secretary of State. This financing statement stated that Stone Fort claimed a security interest in "all inventory" of James Willson Enterprises, Inc. *TEX.BUS. & COM.CODE ANN. sec. 9.402(a)* (Vernon Supp.1986) states, in part, that: "A financing statement is sufficient if it ... contains a statement indicating the types, or describing the items, of collateral...." The financing statement which Stone Fort Bank had filed was sufficient to put any party subsequently considering taking a security interest in the property of James Willson Enterprises, Inc., on notice that Stone Fort claimed a security interest in any such property which would be properly classified as inventory. *See Villa v. Alvarado State Bank,* 611 S.W.2d 483 (Tex.Civ.App.— Waco 1981, no writ).

Therefore, the issue is whether the D-6-D tractor is properly to be classified as inventory. The trial court found that the tractor was properly classified as "equipment" as defined by *TEX.BUS. & COM. CODE ANN. sec. 9.109* Vernon Supp.1986) which states in part:

"Goods are

\* \* \* \* \* \*

(2) 'equipment' if they are used or bought for use primarily in business ... or if the goods are not included in the definitions of inventory....

\* \* \* \* \* \*

(4) 'inventory' if they are held by a person who holds them for sale or lease or to be furnished under contracts of service or if he has so furnished them.... Inventory of a person is not to be classified as his equipment."

The official comment to *sec. 9.109* goes on to say: "The principal test to determine whether goods are inventory is that they are held for immediate or ultimate sale." *TEX.BUS. & COM.CODE ANN. sec. 9.109* official comment 3 (Vernon Supp.1986).

■ On cross-examination, the president of Citizens Bank admitted that he knew that any piece of equipment held by James Willson Enterprises, Inc., was for sale. While Mr. Willson testified that the D-6-D tractor was not held for immediate sale, there is no evidence that it was not held for ultimate resale. Since Citizens Bank knew the D-6-D tractor was held for resale, and was on constructive notice that Stone Fort held a security interest in "all inventory" of James Willson Enterprises, Inc., it cannot be allowed to claim it relied upon the statement of Mr. Willson indicating he intended to use the tractor as equipment. Any other rule would undermine the entire notice system created by Article 9 of the Business and Commerce Code. Appellant's first two points of error are sustained. Therefore, the judgment of the trial court declaring Citizens Bank's security interest superior to that of Stone Fort Bank and granting judgment against Stone Fort Bank for $55,000.00 for conversion is reversed and rendered.

By its third and fourth points of error, Stone Fort Bank argues that the trial court erred in refusing to grant judgment to Stone Fort on its counterclaim because the evidence shows that Citizens converted Stone Fort's collateral as a matter of law, and that the great weight and preponderance of the evidence shows that Citizens converted Stone Fort's collateral. Citizens Bank argues that Stone Fort Bank waived its right to claim a security interest in three pieces of machinery which James Willson Enterprises, Inc., sold at auction on October 18, 1984.

■ Waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of such relinquishment of the right. *See Rice v. Travelers Indemnity Company,* 526 S.W.2d 698 (Tex.Civ.App.—Waco 1974, writ ref'd n.r. e.). Before the sale of the three items Stone Fort now claims were converted, Mr. Pickle, an officer of Stone Fort Bank, gave written notification to the auctioneer that his bank claimed no security interest in the items. The evidence is conclusive that when he denied that the bank held such interests he knew the machinery was collateral for debts owed to Stone Fort Bank.

Mr. Pickle testified that he disclaimed any security interest in the machinery to insure that Mr. Willson could sell the collateral and thereby have funds available to repay his debts to Stone Fort Bank. We hold that Stone Fort Bank waived any security interest in these items and, therefore, appellant's third and fourth points of error are overruled and the judgment of the trial court is affirmed insofar as it denied Stone Fort Bank recovery on its counterclaim.

Our disposition of appellant's first two points of error renders it unnecessary to review its fifth point of error challenging venue.

Affirmed in part and Reversed and Rendered in part.