**In re Dian Freda Villani BOYD, Debtor.**

**Robert Hitchens BOYD, Movant,**

**v.**

**Dian Freda Villani BOYD, Respondent.**

**Bankruptcy No. 87–06304–H3–7.**
**Adv. No. 87–1094–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Nov. 7, 1988.

Andrew P. Mercurio, Houston, Tex., for movant.

Kenneth L. Box, Millins & Box, P.C., Houston, Tex., for debtor.

## MEMORANDUM OF OPINION AND ORDER

LETITIA Z. CLARK, Bankruptcy Judge.

On September 20, 1988 came on for hearing the complaint of Robert H. Boyd to determine dischargeability of a debt pursu-

ant to 11 U.S.C. § 523 and for validation of a second lien on real property. After review of the pleadings, evidence and relevant case law in this matter, this court makes the following findings of fact and conclusions of law.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

## I. *Findings of Fact*

The plaintiff in this adversary proceeding, Robert H. Boyd is the former spouse of the Debtor, Dian F. Boyd. A final decree of divorce was entered by the family court judge on February 4, 1983.

In the decree of divorce the Debtor, Dian F. Boyd, was named managing conservator of the child of the marriage, and Robert H. Boyd was named possessory conservator. Some time later, this arrangement was altered by agreement of the parties.

On November 10, 1986 the plaintiff obtained a judgment in the family court in a lawsuit for modification of the divorce decree in a suit affecting the parent-child relationship. On November 25, 1986 the Order was modified by the court and Robert H. Boyd was awarded the amount of $3,300.00 plus 10% postjudgment interest as compensation for the amount of necessaries spent on behalf of the child. The judgment amount is presently still due and owing to Robert H. Boyd.

The divorce decree as entered between the parties awarded the home owned during the marriage to Dian F. Boyd as her sole and separate property, subject to a second lien in favor of Robert H. Boyd in the amount of $10,642.50 plus 9% interest per annum which amount was due and payable upon the child of the marriage reaching eighteen or sale of the property, whichever occurred first. The second lien was awarded in the decree as separate property to Robert H. Boyd.

The Boyd's child reached the age of eighteen in March of 1987. The house was not sold prior to that time. As a result the amount of $15,785.89 has been due and owing since March of 1987 to Robert H. Boyd pursuant to the obligation created in the divorce decree.

Robert H. Boyd filed a motion for clarification and enforcement of the prior court Order in the family court in April of 1987. On July 2, 1987, Dian F. Boyd filed bankruptcy.

Dian F. Boyd claimed the house as exempt property under the state homestead exemption. The two amounts owed Robert H. Boyd were scheduled as unsecured judgment claims. A creditors' meeting was held which Robert F. Boyd did not attend. Dian F. Boyd was granted a discharge on July 15, 1988.

## II. *Conclusions of Law*

The plaintiff argues that the $3,300.00 plus interest awarded by the family court for necessaries is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(5).

11 U.S.C. § 523(a)(5) excepts from discharge debts owed "... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ..."

A court order for this amount as compensation for necessaries is clearly nondischargeable under 11 U.S.C. § 523(a)(5) as it represents debts incurred by necessity in the support of the child. *In re Wolfe,* 26 B.R. 781 (Bankr.Kan.1982). This amount was expended by Robert H. Boyd for the maintenance and support of the child and under the language of 11 U.S.C. § 523(a)(5) is nondischargeable.

The defendant argues that the secured lien awarded in the divorce decree is not a valid lien on the homestead property as claimed by Dian F. Boyd.

An equitable lien awarded in a divorce decree and which, when considered in light of equitable principles will support a finding of an implied vendor's lien, is a valid lien upon a homestead. *Matter of Daves, (Republicbank–Lubbock v. Daves),* 770 F.2d 1363 (5th Cir.1985), *In re Miller,* 58 B.R. 192 (Bankr.S.D.Tex.1985), *See also,*

*McGoodwin v. McGoodwin,* 671 S.W.2d 880 (Tex.1984).

■ This court finds that the lien granted in the divorce decree in favor of Robert H. Boyd is valid vendor's lien upon the property of the Debtor.

The defendant argues that Robert H. Boyd's failure to assert a timely objection to Dian F. Boyd's claim of the house as exempt under the state homestead exemption should preclude him from here asserting the validity of his lien.

This argument fails for several reasons. First, any property claimed as exempt under the state homestead exemption is subject to the purchase money and improvement liens which are constitutionally and statutorily permitted in this state. *See,* Tex.Const.Art. 16 § 50 (Vernon 1985).

Robert H. Boyd holds a valid vendor's lien which was created to secure his interest in the property that was subject to the possession of Dian F. Boyd until the Boyds' child reached eighteen or the property was sold. This type of implied vendor's lien is superior to a claim of homestead by Dian F. Boyd. *Matter of Daves,* 770 F.2d 1363 (5th Cir.1985).

■ Second, a valid lien on property of the debtor survives bankruptcy unless the lien is not valid against a bona fide purchaser. *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), *In re Leach,* 15 B.R. 1005 (Bankr.Conn.1981).

■ A vendor's lien is a valid lien which is enforceable against subsequent bona fide purchasers. *Manz v. Johnson,* 531 S.W.2d 934 (Tex.Civ.App.–Ft. Worth 1976, no writ).

As a result, an objection, even if asserted by Robert H. Boyd, to this exemption would have been of no effect, as the exemption claim is subject to his valid lien. Any objection he could have asserted on this basis would not have resulted in invalidation of Dian F. Boyd's claim of exemption. The property claimed as exempt here is subject to the valid liens against it. Finally, there was no attempt on the part of the defendant to avoid this lien pursuant to 11 U.S.C. § 522(f). As a result, the property remains subject to the valid lien of Robert H. Boyd.

In conclusion, this court finds that under the divorce decree as entered by the family court, Robert H. Boyd possesses a valid implied vendor's lien in the amount of $10,642.50 plus interest, which was not discharged upon the discharge in bankruptcy of Dian F. Boyd and is enforceable.

Additionally, the amount of $3,300.00 plus interest owed Robert H. Boyd and arising out of the family court judgment in his favor and which represents necessaries he provided for the child of the marriage is nondischargeable maintenance and support of the child of the marriage to which Boyd is entitled pursuant to 11 U.S.C. § 523(a)(5).

It is so ORDERED.